Hugo Muench, Plaintiff in Error, *v.* Valley National Bank, Defendant in Error.

### November 15, 1881.

1. If a note discounted by a bank for a depositor is not paid at maturity, all funds of the depositor held by the bank at the maturity of the discounted note, or afterwards acquired in the course of business with him, whether on general deposit or commercial paper placed by him in bank for collection, may be applied to the discharge of his indebtedness to the bank on this note.

2. An intention to waive a lien will not be presumed, in the absence of evidence clearly tending to show such an intention.

3. Where the judgment is clearly for the right party, and there is no question of surprise, an appellate court will not scrutinize the record to see whether there was a variance between the pleadings and the proofs.

Error to the St. Louis Circuit Court, Adams, J. Affirmed.

Henry H. Wright and Collier & Muench, for the plaintiff in error : The agreed statement of facts containing all the evidence in this case (subject to any objections by either party), in no wise sustains the averments in defendant's answer ; there was an absolute failure of proof on its part, and hence the judgment of the court was erroneous. — Rev. Stats., sect. 3702 ; *Beck v. Ferrara*, 19 Mo. 30 ; *Ensworth v. Barton*, 60 Mo. 511 ; *Hubbard v. Railroad Co.*, 63 Mo. 70. Aside from the forms of pleading, the proof itself

does not·show any " banker's lien " in behalf of defendant. The intent on the one side to demand, and on the other to yield such lien, must appear from express agreement or an implied understanding. It will not be conjured up.— *Kelley* v. *Phelan*, 5 Dill. 228 ; *Millikin* v. *Shapleigh*, 36 Mo. 596 ; *Dod* v. *Bank*, 59 Barb. 265 ; *Lucas* v. *Dorrien*, 7 Taunt. 278. No new credit, in fact, no credit at all, had been given to Jacob by reason of the deposit of these instruments. Under the circumstances the bank could not have retained them as security even for a general balance.— *Beckwith* v. *Bank*, 4 Sandf. 604, All the authorities agree that the presumption of lien will be raised in favor only of an indebtedness on a general balance in other words, a balance due from the customer, arising from an overdraft upon his general·account. In this case no such overdraft existed. — *Bank* v. *Armstrong*, 4 Dev. 519 ; *Commercial Bank* v. *Hughes*, 17 Wend. 94. The bank, as to these evidences of debt, was a mere agent to collect ; its authority as such was revocable, and having been revoked, the refusal to comply with a demand for return of the same (especially when made by the representative of the body of creditors) was evidence of conversion by the bank. — 1 Pars. on Cont., *69 ; *Potter* v. *Bank*, 28 N. Y. 641 ; *Bank* v. *Huggins*, 3 Ala. 206.

J. M. & C. H. KRUM and WALTER B. DOUGLAS, for the defendant in error : In order to recover in a case of this nature, the plaintiff must show in himself a right, as against the defendant, to the immediate possession of the property in question. — *Gordon* v. *Harper*, 7 Term Rep. 9 ; *Fairbanks* v. *Phelps*, 22 Pick. 535 ; *Forth* v. *Pursley*, 82 Ill. 152 ; *Hardy* v. *Munroe*, 127 Mass. 64. In the case of *Lord* v. *Price* (L. R. 9 Exch. 54), it was held that the plaintiff could not recover, because the defendant having a lien upon the property, the plaintiff had no present right of possession. — See also *Clark* v. *Draper*, 19 N. H. 419 ; *Richard* v. *Symons*, 8 Q. B. 90 ; *Ames* v. *Palmer*,

42 Me. 197. It is a general rule, that a bank has a lien on all moneys and funds of a depositor in its possession, for the balance of the general account. — *Commercial Bank* v. *Hughes*, 17 Wend. 94; *Bank* v. *Bank*, 1 How. 239; *State Bank* v. *Armstrong*, 4 Dev. 519. The rule covers any business paper, as notes or bills, belonging to the customer, and which he has entrusted to the bank for collection. — *Ex parte Pease*, 1 Rose, 232; *Ex parte Wakefield*, 1 Rose, 243.

BAKEWELL, J , delivered the opinion of the court.

This is an action for the conversion of certain notes and acceptances delivered by one Jacob, plaintiff's assignor, to the defendant as his agent for collection, to the plaintiff's damage $475. The finding and judgment were for defendant.

Defendant denies in its answer that it received these notes for collection as agent of plaintiff's assignor, or agreed to collect them as his agent.

The defendant admits that the said notes were delivered to it by said Jacob, but that they were so delivered under an arrangement that they should be collected and their proceeds applied to certain indebtedness of said Jacob to defendant; that said Jacob was indebted to defendant in the sum of $700, and that the notes were, under the arrangement, collected and applied on said indebtedness; and the defendant denies that plaintiff ever received the power of defendant to collect said notes.

Further answering, the defendant states that the assignor of said plaintiff is and was justly indebted unto defendant in the sum of $700, for moneys advanced and loaned unto said assignor at his special instance and request, and which said sum defendant prays may be set off against any claim of said plaintiff in his behalf.

The plaintiff, in his reply, denies that there was any arrangement between his assignor and defendant, and that the proceeds of said notes were applied by defendant to any in-

debtedness of said assignor; and further states, that subsequent to the collection of said notes by defendant, it did, on March 17, 1880, present for allowance against the assigned estate of said Jacob, all its claims against said Jacob, and that in so presenting said claims for allowance against said estate defendant failed to give credit thereon, or to allow as an offset against the same, the amount theretofore by it collected; and the said claims were so allowed against said estate by the assignee thereof, with the understanding and agreement that said defendant should still be, and remain, liable to plaintiff in the amounts of the notes so collected; and the plaintiff denies each and every allegation in defendant's answer in reference to a counter-claim.

At the trial, a jury having been waived, the cause was submitted to the court, upon an agreed statement of facts, as follows: —

" It is hereby stipulated and agreed by and between the parties to the above entitled cause, respectively, that the following are, and for the purpose of a judicial determination shall be, taken to be all the material facts in said cause, to wit: —

" The defendant is a corporation, as alleged in the petition, doing a general banking business in the city of St. Louis.

" Robert Jacob (dealing as Robert Jacob & Co.) was a dealer in brewers' supplies, from before November 1, 1879, until he made an assignment (hereafter set forth), January 3, 1880, and during said period dealt with and kept his bank account at defendant's bank.

" That said defendant issued to said Jacob two separate pass-books, one designated 'Valley National Bank, St. Louis, in account with Robert Jacob & Co.,' hereto annexed and marked 'Exhibit A,' and the other designated as 'Valley National Bank, St. Louis, collections R. Jacob & Co.,' also hereto annexed as 'Exhibit B.'

" That in said latter book, said bank entered all notes and

drafts by it received from said Robert Jacob for collection, and in said former book A, under an agreement with Jacob, entered all cash or current funds deposited by said Jacob, as well as proceeds of discounts, and the amounts of collections when received, at the same time erasing such notes discounted or collected, from said book B.

"That on November 4, 1879, said Jacob delivered to defendant, for collection, a note made by the Joseph Uhrig Brewing Company, for $1,345.58, which is hereto annexed as 'Exhibit C,' which was entered in book B, under said date and name of O. E. Lademan.

"On November 10, 1879, said Jacob discounted said note with defendant, receiving credit for the proceeds thereof ($1,325) under said date in book A, and in the books of said bank.

"Subsequently, and along with other collections, said Jacob delivered to the defendent bank the notes and drafts herein sued for, which on such dates were by defendant entered in said book B, to wit : —

On November 19, 1879, note of N. Schaeffer, President St. Louis Brewing Company, for . . . . . $230 35
Same date, acceptance of Hy. Mick, for . . . . . 110 50
December 10, 1879, acceptance of Philip Nies, for . . 94 28
December 30, 1879, acceptance of Gessler & Co., for . 34 45

"That on January 3, 1880, said note of the Uhrig Brewing Company remained unpaid, was duly protested for non-payment, as appears by certificate of such protest hereto also annexed, and made part hereof. And on the same day, and thereafter, said Jacob, in due form, executed to plaintiff a general assignment for the benefit of the creditors of said Jacob, and plaintiff having duly qualified, on January 7, 1880, demanded back from defendant the notes and acceptances herein sued for, which were refused by defendant.

"That on the day of the protest of said Uhrig Brewing Company note, there was a general cash balance in said

bank and upon its books in favor of said Jacob, of $219.87; that upon said protest, said defendant transferred and charged the amount of said note to the account of said Jacob, bringing said Jacob in debt to the defendant in the amount of the difference, viz., $1,128.46.

" That defendant on the following dates collected amounts of, and upon the notes and acceptances herein sued for, viz. : —

January 10, 1880, Hy. Mick, in full . . . . . . . . $110 25
January 16, 1880, Philip Nies, in full . . . . . . .   93 78
March 13, 1880, St. Louis Brewing Company, 50 per cent
  of note (which is still held by defendant) . . . .  115 91
March 15, 1880, Gessler & Co., in full . . . . . .   34 30

" The defendant, on March 17, 1880, presented the said note of Joseph Uhrig Brewing Company to the assignee of said Jacob, for allowance against his estate, having first given credit thereon for the said balance of $219.87.

" And the said assignee upon said date did allow the said note as a claim against said estate in the sum of $1,128.46, having first deducted as an offset the sum of $219.87.

" That when said notes and acceptances were lodged in defendant bank, there was no conversation between the parties, nor any agreement to the effect that the same should be held, either as collateral security or indemnity, for any debt of said Jacob, except as may follow as a conclusion of law, nor were they subsequently negotiated or discounted with defendant or any new credit, advance or overdraft allowed Jacob on their account.

" Defendant has received on said Uhrig Brewing Company note since March 17, 1880, the following amounts : —

From assignee of said Jacob . . . . . . . . . $564 22
From assignee of said Brewing Company . . . . .  340 44
                                                 ───────
                                                 $904 66

And has also credited thereon the sum of $351.39, collected

on securities herein sued for; to which last credit plaintiff did not, however, assent.''

Each party reserved the right to except to the relevancy of any part of the foregoing statement.

The general lien of bankers is part of the law merchant. That bankers have a lien on all money and funds of a depositor in their possession for the balance of the general account is undisputed. A banker's lien does not arise on securities deposited with him for a special purpose, otherwise we have no doubt that, when a discount has been made by the bank, and the note has matured, so as to create an indebtedness from the depositor to the bank, all funds of the depositor which the bank has at the date of the maturity of the discounted note, or which it afterward acquires in the course of business with him, may be applied to the discharge of his indebtedness to the bank; and this is true, not only of the general deposit of the customer, but the rule applies to any commercial paper belonging to the depositor in his own right, and placed by him with the bank for collection. *Jourdaine* v. *Lefevre*, 1 Esp. 66; *Brandao* v. *Barnett*, 3 C. B. 519; *Scott* v. *Franklin*, 15 East, 428; *Ex parte Pease*, 1 Rose, 232; *Ex parte Wakefield Bank*, 19 Ves. Jr. 25; Morse on Banks, 42 *et seq.* And not only does the lien of the bank attach so soon as the indebtedness has matured; but, in equity, it has been held that, when the depositor, having obtained a discount in bank, died before the note matured, upon evidence of danger of insolvency of the estate and of the indorsers, the bank ought to be allowed to retain of the funds of the depositor in its hands enough to meet the note when due. *Ford* v. *Thornton*, 3 Leigh, 695.

Counsel for plaintiff asserts that the authorities agree that the presumption of lien will be raised in favor only of a balance due from the customer arising from an overdraft upon his general account. In this he is wrong. Nor do we see any such doctrine in the two cases that he cites in

support of the proposition. *Bank* v. *Armstrong*, 4 Dev. 519; *Commercial Bank* v. *Hughes*, 17 Wend. 94. It is one thing to hold that there is a lien for an overdraft, and quite another thing to say that there is no lien except in case of an overdraft upon the general account of the customer.

The fact that defendant proved against the estate of the depositor before the assignee, the Uhrig note less only the amount of the balance due on the deposit account, and, without crediting the amounts at that time collected on the notes left with it by the depositor for collection, ought not to be taken, under the circumstances of the case, as proving an intention on the part of defendant to waive the lien. Plaintiff, as assignee, claimed the notes and acceptances from the date of the assignment. The position of the parties from the first, has been, that the assignee denied that defendant was entitled to the possession of these securities, or to apply their proceeds to the reduction of the indebtedness of Jacob to defendant; and that defendant claimed the right to retain the securities, and apply the proceeds of them, when collected, towards the payment of the discounted and dishonored note. Plaintiff was not deceived by anything said or done by defendant; he would not consent to credit being given upon their claim for amounts collected by them on the securities in question. There seems to be no estoppel, and, after giving all credits, there is a balance still due defendants largely in excess of the securities.

It is said that the answer does not set up a banker's lien, and that there is a variance between the defence set up and the proofs. It is enough that there is no question of surprise in the case, and that, upon the facts, plaintiff was not entitled to recover.

The judgment is affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.