JOHN H. STRAUSS v. NORRIS FREDERICK, Ex'r, and others.

*Partnership.*

1. Partnership effects must be appropriated to partnership debts, to the exclusion of claims of a creditor upon a member of the firm. And the rule is the same, where they are assigned by mortgage to one who has knowledge of their character and is a creditor both of the firm and of an individual partner.

2. In such case the law makes the appropriation, and the creditor cannot elect, even with the concurrence of the surviving partner, as in this case, to make a different disposition of the effects to the prejudice of the estate of the deceased partner.

(*Allen* v. *Grissom*, 90 N. C., 90, cited approved.)

CIVIL ACTION for foreclosure of mortgage tried at Spring Term, 1884, of DUPLIN Superior Court, before *Shepherd, J.*

On November 2d, 1872, the plaintiff, at the request and for the accommodation of the firm of Frederick & Son, constituted of the defendant Norris Frederick and William C. Frederick, his son, executed his promissory note in the sum of five thousand dollars to said firm payable at thirty days, and the same having upon their endorsement been discounted at the bank, the proceeds were received and used in their business. On November 12 thereafter, the said William C. executed to the plaintiff a mortgage deed, conveying certain real estate of his own for the indemnity and security of the plaintiff against loss or damage by reason of his liability on said note, or on others which might be given in renewal of the said debt. Renewal notes were subsequently given until the indebtedness was reduced, in 1875, to one thousand dollars, and this sum the plaintiff testified was paid by himself, and that he had not been re-imbursed.

In the year 1875, William C. Frederick died, leaving a will, in which he appoints his father, the said Norris, his executor, and gives him power to carry on the same business. In 1878, the plaintiff and Norris came to a settlement, which showed an indebtedness to the former, made up, as the plaintiff alleges, of acceptances, individual and for the firm, and including interest on the residuary firm debt, for the four years preceding, in the sum of $4,000, to secure which the defendant mortgaged the stock of goods on hand to the plaintiff who took the same into possession, and has realized therefrom the sum of $2,100, which he has appropriated, as he claims a right to do, to the personal indebtedness of said Norris as provided in the deed conveying the goods, leaving unpaid the $1,000 due from the firm.

The testimony of the defendant Norris varies from that of the plaintiff, and his statement is that the stock of goods surrendered to the plaintiff were to be used in discharging the $1,000 debt, then in payment of a small debt due from Norris on account of the firm business, and the residue to

be returned to him.   He further denies that he owed the
alleged debt of $4,000, and says that the goods were con-
veyed to secure the plaintiff in advances that he might
thereafter make to aid the defendant in a new business
which he proposed to open.

The only issue passed upon by the jury was as to the sum
paid for the firm, and whether it had been repaid to him in
whole or in part.

The court was asked by defendant's counsel to charge that
the plaintiff having full knowledge of the fact that the
goods assigned to him were of the partnership effects, the
proceeds arising from them should have been applied, and
the law will thus dispose of them, in discharge of the part-
nership debt.   The instruction was refused, and the jury
were directed that if the plaintiff took possession under an
arrangement with the assignor that the firm debt should be
paid, then the verdict should be that it was discharged.
But if the plaintiff did not come into possession under such
arrangement, but under and by virtue of the mortgage and
to enforce its terms, the plaintiff could apply the funds
to the mortgage debt and the firm debt would remain.   The
jury found under the instructions, that the firm debt was
not discharged.

The court therefore rendered judgment for foreclosure of
the mortgage of the land conveyed by the testator, and the
defendant appealed.

*Messrs. Faircloth & Allen*, for plaintiff.
*Messrs. Battle & Mordecai* and  *J. L. Stewart*, for defendants.

SMITH, C. J., after stating the case.   It is settled upon a
series of adjudications in this court that the creditors of a
copartnership, as such, have no lien upon the property and
effects of the partnership, nor an equity to have them ap-
plied to the partnership debts in derogation of the right of

the individual partner, with the consent of his associates, to dispose of them as he pleases. The equity to have this preferential appropriation resides in each member, as a means of personal exoneration, in accomplishing which the creditors only have relief. The subject is considered and the authorities examined in the recent case of *Allen* v. *Grissom*, 90 N. C., 90.

It is manifest that if the administration of the testator's estate had been committed to some other person, the right vested in the testator to require the joint property to be first applied to the joint liabilities, would have devolved upon his representative; and in fulfilling the assumed trusts, he ought to have enforced the equity in relief of the estate. The same obligation rests upon the defendant Norris, and what, as surviving partner succeeding to full legal ownership, he might have been compelled to do, in administering the partnership funds, he ought to do of his own accord. In other words, he should manage and use them as surviving partner under the coercion of the duty assumed in accepting the executorship of the deceased for the protection of the interests of the testator's estate. So where, in disregard of this equitable obligation, he transfers the joint effects to one who has knowledge of their character, and is both a creditor of the firm and of the individual partner, the same rule of appropriation must prevail and the moneys must be applied in like manner. The law in such case makes the appropriation, and it is not at the election of the creditor, even with the concurrence of the other partner, to make any different disposition to the prejudice of the estate of the deceased. As a court of equity will compel this application, when it becomes necessary to invoke its aid, so it will deem the creditor, into whose hands the fund comes with full knowledge, to have done that which he ought to have done, and the joint debts first discharged when the

fund is sufficient. There is therefore error in the ruling of the court for which there must be a new trial.

The plaintiff testifies that the $4,000 debt is constituted in part of debts of the firm, and if so, this part is equally entitled to share in the distribution of the fund received by the plaintiff, and perhaps has a preferential claim to the appropriation over the $1,000 debt. To ascertain this a reference may become necessary, and can be better taken in the court below.

Let the judgment be reversed to the end that a new trial be had, and let this be certified.

Error.　　　　　　　　　　　　　　*Venire de novo.*