ROBERT T. GIBBONS, RECEIVER, ETC., v. CHARLES L. HECOX ET AL.

*Banker's lien—Note left for collection.*

1. The general rule derived from the adjudicated cases is that a bank has a lien on all moneys, notes, and funds of a customer in its possession, for any indebtedness of the customer to the bank which is due and unpaid.

2. Among the assets which came to the possession of the receiver of a national bank upon his appointment, was a note for $2,000 owned by the bank, and not then due. The bank also held a note for $1,000, which the maker of the $2,000 note had left for collection. After the maturity of the $2,000 note, said maker, who was then financially irresponsible, assigned the $1,000 note to a third party, who brought suit upon the same. The receiver, in answer to a subpœna, produced the $1,000 note on the trial, and by permission of the court said maker indorsed it so as to make it payable to the order of the assignee. Judgment passed for the assignee, and the receiver filed a bill to establish a lien in favor of the bank upon the $1,000 note. And it is held that the bill, which was demurred to, and which charged the foregoing facts, sets out sufficient grounds for equitable relief.

Appeal from Montcalm. (Davis, J.) Argued April 19, 1895. Decided May 28, 1895.

Bill to establish a banker's lien. Complainant appeals. Decree reversed, and record remanded. The facts are stated in the opinion.

*John Lewis* and *Fletcher & Wanty*, for complainant.

*N. O. Griswold*, for defendants.

LONG, J. The complainant sets out in his bill:

"1. That he is receiver of the said City National Bank

of Greenville, which is a corporation organized under an act of Congress known as the 'National Bank Act' and acts amendatory thereof.

"2. That said bank, being insolvent, suspended payment on or about the 22d day of June, 1893; that your orator was appointed as receiver thereof by the Comptroller of the Currency on or about the 27th day of June, 1893; that he qualified as such receiver, and took possession of the bank books, records, and assets of said bank, on or about the 1st day of July, 1893, and ever since has been, and still is, acting as such receiver.

"3. That among the assets of said bank which came into the possession of your orator, as such receiver, was a note of $2,000 made by the defendant Charles L. Hecox, under the name of C. Leander Hecox, of which note the following is a copy:

"$2,000.                    NEW YORK, May 5, 1893.

"Three months after date, I promise to pay to the order of Stanwood Mfg. Co. two thousand dollars, at Mutual Bank; value received.

"C. LEANDER HECOX."

"That said note belonged to said bank, and has, ever since your orator was appointed receiver of said bank, been in his possession and under his control as such receiver; that said note was indorsed in blank by the payee, the Stanwood Manufacturing Company, before its delivery to the said City National Bank of Greenville; that no payment whatever has ever been made upon the same, and that the defendant Hecox, the maker of said note, was at the time your orator was appointed such receiver, and ever since has been, and still is, financially irresponsible.

"4. That on or about the 23rd day of November, 1892, the defendant Charles L. Hecox left with the said bank for collection a note which then belonged to him, of which the following is a copy:

"$1,000.          GREENVILLE, MICHIGAN, September 27, 1892.

"One year after date, I promise to pay to the order of Charles L. Hecox, one thousand dollars, at the City National Bank of Greenville, Michigan; value received. Interest at 7 per cent. Due September 30, 1893.

[Signed]                    " R. F. SPRAGUE."

"And the note so left for collection was in the custody of said bank at the time it suspended payment, and at

the time your orator was appointed its receiver as aforesaid; that the same remained in the custody of your orator, as such receiver, until long after the maturity of the note mentioned above in paragraph 3, and is still in his possession.

"5. That on or about the 16th day of April, 1894, and while said note so signed by Rufus F. Sprague was still in the possession of your orator, as such receiver, the defendant Charles L. Hecox made an assignment thereof to the defendant Theodore I. Phelps; that on or about the 25th day of April, 1894, said Theodore I. Phelps began an action upon said note against the maker, Rufus F. Sprague, in the circuit court for the county of Montcalm, which action came on to be tried in said court on the 27th day of July, 1894; that your orator was required, by a subpoena *duces tecum* issued out of said court, to appear at the trial of said cause, and produce said note; that he did appear in answer to said subpoena, and, in obedience to the orders of the court, produced the said note to be used in evidence, whereupon, on the trial, with the permission of the judge presiding in said court, the defendant Charles L. Hecox indorsed the said note in the following form: 'Pay to T. I. Phelps or order. Charles L. Hecox.' That this was the first indorsement which had ever been made upon said note, which, until that time, had remained to the order of Charles L. Hecox.

"6. That on the 27th day of July, 1894, a judgment was rendered in the said action in favor of the said Theodore I. Phelps against the said Rufus F. Sprague on said note for the sum of $1,128.30 and costs; that your orator, as the receiver of said bank, had a lien upon the said note signed by Rufus F. Sprague, which was at the time it was left with the City National Bank of Greenville for collection, and at the time the $2,000 note which was held by said bank against Charles L. Hecox matured, the property of the said Charles L. Hecox, and that, as such receiver, he has a lien upon said judgment, or the money which may be collected upon the same by the said Theodore I. Phelps, or any other person; but the defendants deny that your orator has any lien or claim upon said note, or upon said judgment, or upon the moneys which may be collected on the same.

"7. To the end, therefore, that the defendants may, if they can, show why your orator should not have the relief hereby prayed, and may answer this bill without

oath (their answers on oath being hereby waived), that your orator may be declared, as such receiver, to have a lien upon the said note signed by Rufus F. Sprague, and upon the judgment obtained thereon by the said Theodore I. Phelps, that the defendants may be decreed to account to your orator for said note and judgment, and anything which may have been or which may be collected thereon by either or any of the said defendants, and that your orator may have such other and further relief as the nature of the case may require," etc.

The bill was demurred to as not stating a case for equitable relief, and dismissed in the court below.

It appears by the bill that the note of $1,000 was in the possession of the bank, and not assigned by Hecox to defendant Phelps, until after the $2,000 note became due, and that then Hecox was financially irresponsible. The only question raised is whether, under the circumstances, the bank had a lien on the $1,000 note belonging at that time to Hecox, by reason of his indebtedness to the bank on the $2,000 note. The claims run between the same parties, and are capable of being liquidated by calculation.

It is a general rule that the lien of the bank does not attach until some indebtedness is actually in existence, and matured. Thus, a bank holding a note of a depositor has no right of set-off, and no valid lien, before the note matures, so that it has been held that if, in the interval before the maturity, the depositor makes an assignment of his funds without the knowledge of the bank, but otherwise legal, the amount of his balance will pass to the assignee. *Giles v. Perkins*, 9 East, 12; 1 Morse, Banks, § 329. In Illinois and Missouri it is held that a bank has no lien on the funds of a depositor, to apply them on a debt not yet due, and cannot retain them against a check holder. *Bank v. Ritzinger*, 20 Ill. App. 29; *Bank v. Proctor*, 98 Ill. 558; *Zelle v. Institution*, 4 Mo. App. 401. This rule, however, is at strict law, for in equity it seems that where there is danger of insolvency the bank would be allowed to retain enough of the

deposit to meet the note when due, though, it is said, in law the debt *in futuro* could not be set off against a debt *in praesenti*. The general rule derived from the cases is that the bank has a lien on all moneys, notes, and funds of a customer in its possession, for any indebtedness of the customer to the bank which is due and unpaid. The reason given for allowing the lien is that any credit which a bank gives by discounting notes or allowing an overdraft to be made is given on the faith that money or securities sufficient to pay the debt will come into the possession of the bank in the due course of future transactions. In *Re Farnsworth*, 5 Biss. 223, Judge Blodgett, of the United States circuit court of Illinois, held that a bank holding a customer's demand note has a lien upon the proceeds of drafts delivered to it for collection after the giving of the note, though collected after the filing of petition in bankruptcy, and can apply such proceeds upon the note. In *Muench v. Bank*, 11 Mo. App. 144, the court say:

"The general lien of bankers is part of the law merchant. That bankers have a lien on all money and funds of a depositor in their possession for the balance of the general account is undisputed. A banker's lien does not arise on securities deposited with him for a special purpose; otherwise we have no doubt that when a discount has been made by the bank, and the note has matured, so as to create an indebtedness from the depositor to the bank, all funds of the depositor which the bank has at the date of the maturity of the discounted note, or which it afterward acquires in the course of business with him, may be applied to the discharge of his indebtedness to the bank; and this is true not only of the general deposit of the customer, but the rule applies to any commercial paper belonging to the depositor in his own right, and placed by him with the bank for collection."

The bill sets out sufficient grounds for equitable relief, and the demurrer should have been overruled.

The decree of the court below will be reversed, and the cause remanded. Defendants will have 20 days after

notice of the remittitur being filed in the circuit court to answer the bill, if they so desire, and in default a decree will be entered there in accordance with the prayer of the bill. Complainant will recover costs of this Court.

The other Justices concurred.