GEORGE D. HODGIN, surviving partner of Hodgin Bros. & Lunn
v. PEOPLES' NATIONAL BANK.

(Decided April 25, 1899).

*Partnership—Surviving   Partner—Bank   Deposit—Bank
Debt—Set-off.*

1. In the absence of an agreement to the contrary, a Bank may apply
deposits, other than special, to any indebtedness due it in the
same right by the depositor, provided such indebtedness has
matured, and if the depositor has become insolvent, whether
the indebtedness has matured or not.

2. The same right of set-off and application exists, whether the
depositor is an individual or a firm, where the indebtedness is
in the same right; and it matters not whether the deposits
stand in the name of the firm, or of a surviving partner. The
rule is otherwise in case of an executor or administrator.

FURCHES and DOUGLAS, J. J., dissent.

3. A partnership is not liable for the debts of its members, and a
Bank has no right to apply deposits standing in the name
of the firm in payment of the individual indebtedness of any
of its members—nor can the Bank apply individual deposits of
a partner to the indebtedness of the firm to the Bank.

CIVIL ACTION upon a money demand for the recovery of
deposits alleged to have been misapplied, tried before
*McIver, J.,* at August Term, 1898, of FORSYTH Superior
Court.

The plaintiff is surviving partner of the firm of Hodgin
Bros. & Lunn, composed of himself and L. L. Lunn. The
firm became indebted to the bank in the sum of $5,800, and
effected a compromise at 50 per cent., and executed a note
at the bank for $2,900, dated December 5, 1893, payable six
months after date, with privilege of renewal. On 16th
March, 1896, L. L. Lunn died, and plaintiff, Hodgin, as surviv-

ing partner proceeded to collect and close up business, making deposits of the assets of the firm in the bank. In addition to the firm note, the bank held the individual note of L. L. Lunn, endorsed by G. D. Hodgin for $650, payable at 90 days from date, January 29, 1896.

On April 10, 1897, it became known that the firm was insolvent, that Hodgin was insolvent, and so was the estate of L. L. Lunn. At that date the firm indebtedness to the bank was $2,350.50, and the individual debt of Lunn was $687.29, aggregating $3,037.77—this amount the bank charged up against the firm, and deducted from its deposits, and for this amount the plaintiff brings suit. The defendant claimed that it was entitled to deduct both amounts from plaintiff's deposit account—the plaintiff contends that neither amount could be deducted, and that all the defendant was entitled to was to prorate with other creditors of the firm in the partnership assets for the firm debt only, and not upon the individual debt of Lunn at all. His Honor declined to so instruct the jury—plaintiff excepted.

There was a verdict in favor of defendant—and judgment that the plaintiff take nothing by this suit. Plaintiff appealed.

*Messrs. Holton & Alexander, Shepherd & Busbee, E. E. Gray, and Charles Price,* for appellant.

*Messrs. Glenn & Manly, Watson, Buxton & Watson, Jones & Patterson, and A. H. Eller,* for defendant.

CLARK, J., writes the opinion.

FURCHES, J., writes dissenting opinion, concurred in by DOUGLAS, J.

CLARK, J.   A bank has the right to apply the debt due by it for deposits to any indebtedness by the depositor, in the

same right, to the bank, provided such indebtedness to the bank has matured. *Bank v. Hill,* 76 Ind., 223; *Knapp v. Cowell,* 77 Iowa, 528; *Coates v. Preston,* 105 Ill., 470; *Bank v. Bowen,* 21 Kansas, 354; *Clark v. Bank,* 160 Mass., 26; *Bank v. Armstrong,* 15 N. C., 519; *Muench v. Bank,* 11 Mo. App., 144; Morse on Banks, Section 324; *Bank v. Hughes,* 17 Wend., 94; *Eyrich v. Bank,* 67 Miss., 60. Even if the indebtedness to the bank has not matured, if the depositor becomes insolvent, the bank by virtue of the right of equitable set-off may apply the deposits with it of such debtor to his indebtedness. *Dammon v. Bank,* 50 Mass., 194; *Flour Co. v. Bank,* 90 Ky., 225; *Trust Co. v. Bank,* 91 Tenn., 336; *Seed Co. v. Talmage,* 96 Ga., 254; *Waterman* on Set-off, 432.

The money deposited by Hodgin as surviving partner, was kept under the same heading in the bank's book, "Hodgin, Bros. & Lunn," as before the death of Lunn, and was merely a continuation of the old line of deposits. This would have been equally true if the deposits after the death of Lunn had been made in the name of "Hodgin, surviving partner." In either event the deposits were in behalf of the firm, and were in the same right as the note held by the bank against said firm, and on the insolvency of the firm the bank had the right to apply the deposit made by the surviving partner in behalf of the firm to the indebtedness of the firm, whether matured or not. If the surviving partner had made the deposit a special deposit, or if there had been an agreement with the bank that these deposits should not be applied to the indebtedness of the firm to the bank, then the bank's right of set-off would have been tolled. Morse on Banks, Section 325. But there was no evidence to that effect.

It is true that deposits made by an executor or administrator in a bank can not be applied to the indebtedness to the

bank of the deceased. *Jordan v. Bank,* 74 N. Y., 467; *Appeal of Bank,* 48 Pa. St., 57. But that is because the personal representative holds the funds of the estate for the payment of the debts in the order prescribed by statute, and then *pro rata* in each class, which would be disturbed if the bank could apply the funds deposited by the executor or administrator to the indebtedness due to it by the deceased, though the deposits at the death of the testator could be applied to any indebtedness of his, then due. *Jordan v. Bank, supra.* It is otherwise as to the surviving partner, who merely continues the business for the purpose of winding it up, and of whom the law does not require the application of the funds in his hands to the debts, in any prescribed order.

The bank had no right, however, to apply the deposits on behalf of the firm, whether made during its existence or by the surviving partner, to the indebtedness held by it against one of the partners, and it could make no difference that this was the note of one partner endorsed by the other. It was an individual indebtedness, and partnership deposits could not be applied to it. A partnership is not liable for the debts of the members. *Straus v. Frederick,* 91 N. C., 121. Though each partner (except inlimited partnerships) is severally responsible for the entire indebtedness of the firm, yet notwithstanding that fact, the individual deposits of a partner can not be applied to the indebtedness of the firm to the bank. *Adams v. Bank,* 113 N. C., 332—S. C. 23 L. R. A., and notes; *Bank v. Jones,* 119 Ill., 407; *Raymond v. Palmer,* 41 La. Ann., 425; *Dawson v. Pike,* 5 Pike, 283.

Upon the issues as found, the judgment might have been corrected to accord with the above opinion but for the finding upon the 8th issue. The plaintiff is entitled to recover the

excess of the deposits above the indebtedness of the firm, with interest from date of demand.

New trial.

FURCHES, J., dissenting. The firm of Hodgin Bros. & Lunn was composed of the plaintiff, G. D. Hodgin and L. L. Lunn. This firm was indebted to the defendant bank. Lunn died, and the plaintiff became the sole surviving partner of the firm of Hodgin Bros. & Lunn. After the death of Lunn, the plaintiff commenced collecting in the debts due the firm, and not knowing what to do with the money, went to the President of the defendant bank, stated the fact that he wanted the President to advise him in the matter, when the President advised him to collect the assets as fast as he could and pay the debts of the firm. The plaintiff then replied the firm is owing you, and I want to deposit the assets with you that you may see that it is properly applied. Thereupon the plaintiff made his deposits in the defendant bank and they were entered as deposits of "Hodgin Bros. & Lunn." Besides the debt due the defendant by the firm of Hodgin Bros. & Lunn, the deceased partner, Lunn, owed the bank an individual debt of $650, with plaintiff, Hodgin, as his surety.

Plaintiff continued to make deposits in the defendant bank as he collected the assets of the firm until he had about the sum of $4,000 on deposit with the defendant.

But about the first of April, 1897, it became known that the firm of Hodgin Bros. & Lunn was insolvent, and that Lunn's estate was insolvent, and that the plaintiff, Hodgin, was also insolvent. Upon the defendant's receiving information of the insolvency of the firm, of the estate of Lunn, and of Hodgin, it applied a sufficient amount of the money so deposited with it by defendant to pay the debt against the firm and also the note of $650 of Lunn, to which the plain-

tiff, Hodgin, was surety, amounting in all to more than $3,000. The question is, could the defendant do this?

The partnership was dissolved by the death of Lunn on the 16th of March, 1896, and plaintiff became the only surviving partner—became the legal owner of all the partnership assets. Bates' Law of Partnership, Section 713. Hence his powers to dispose of the partnership assets in payment of debts and settling up the concern, is derived from his title to the property and not from his powers. *Ibid.*

After a dissolution, by death, the surviving partner is the legal owner in trust for the purpose of winding up the concern, payment of debts, etc. *Ibid,* Section 720. This being so, the plaintiff was the owner of the money he deposited with the defendant, and the bank became his debtor and he the bank's creditor to the amount deposited.

The fact that the deposits were made in the name of the firm of Hodgin Bros. & Lunn made no difference, as the firm was dissolved by the death of Lunn, and the defendant knew this, and knew that plaintiff was making the deposits as the surviving partner. Morse on Banking, Section 326.

The right of "lien, set-off and application, only exists where the individual, who is both depositor and debtor, stands in both these characters in precisely the same relation, and on precisely the same footing towards the bank." Morse on Banking, *Ibid.*

It seems to us that the principles enunciated by these authorities if applied to this case, decides it against the defendant's right to apply the deposits to the satisfaction of the debt due by the firm of Hodgin Bros. & Lunn. The parties owing the debt and the party making the deposits are not the same. The debt due to the bank is the debt of Hodgin Bros. & Lunn; the deposits made by the plaintiff were funds that *belonged to him.* It is true that they belonged to him as

124—35

trustee, but the defendant can not be allowed to interfere with his rights as trustee against his will, unless it has a specific lien upon these deposits, and it seems to us that we have shown that it has no such lien.

The same principle is involved in this case as that of an executor or administrator who deposits in a bank to which his intestate or testator was indebted. The bank can not make an application of such deposits to the satisfaction of the debts due by the intestate or testator. *Jordan v. Bank,* 74 N. C., 467; *Appeal of Bank,* 48 Penn. St., 57.

It is true that it is contended that the reason of this is that it is the duty of the personal representative to pay the debts of the deceased *pro rata.* And there is that difference, but we do not think that is the controlling reason. This seems to have been so before the statute requiring the debts to be paid *pro rata,* and was so when he had a right to prefer creditors of equal degree. The true ground is the one we have stated—the want of mutuality in debtor and creditor.

It seems to be clear that the bank had no right to apply these deposits to the satisfaction of the note of Lunn for $650.

A partnership is not liable for the debts of its individual members, *Straus v. Frederick,* 91 N. C., 121, and if the deposits had been made by the firm they could not have been applied by the defendant to the satisfaction of the individual debts of one partner.

Douglas, J. I concur in the dissenting opinion.