HODGIN v. BANK.

(Filed April 9, 1901.)

1. PARTNERSHIP—*Right of Surviving Partner—Receiver.*

It is the duty of a surviving partner to close up the affairs of the firm.

2. PARTNERSHIP—*Payment of Debts.*

A surviving partner is not compelled to pay the debts *pro rata* or in any prescribed order.

ACTION by the Peoples National Bank against G. D. Hodgin, heard by Judge *E. W. Timberlake* at November Term, 1900, of FORSYTH County Superior Court. From an order refusing to appoint a receiver, the defendant appealed.

*Holton & Alexander,* and *Shepherd & Shepherd,* for the plaintiff.

*Glenn & Manly,* and *Watson, Buxton & Watson,* for the defendant.

MONTGOMERY, J.    At the September Term, 1899, of this Court, upon a rehearing of this case granted at the instance of the plaintiff against whom judgment had been rendered in the Court below, it was held that the amount of money, $3,037.77, which had been deposited by the plaintiff as surviving partner of Hodgin Bros. & Lunn, with the defendant bank, was a special fund belonging to the plaintiff to be disbursed by him in the payment of partnership debts, and that the defendant could not apply the deposit to the payment of a debt due to the bank by the partnership.    The case was remanded to the Superior Court for a new trial, and at the November Term, 1900, of that Court the defendant moved for a receiver, and for an order of reference to have the account of George D. Hodgin, surviving partner, stated.    The motion was refused and the defendant excepted and appealed.

We find no error in the rulings of his Honor.    It is the right as well as the duty of a surviving partner to close up the affairs of the firm.    He has the right, therefore, to receive and to collect the debts and assets of the partnership, and apply the same toward the payment of the debts and liabilities of the firm.    Story on Partnership, sec. 344; *Weisel v. Cobb,* 114 N. C., 22; *Hodgin v. Bank,* 124 N. C., 540.    In case of danger of misapplication by the surviving partner of partnership funds, the Courts would certainly, in behalf of the representatives of a deceased partner, interfere and restrain by injunction the surviving partner from such acts, or grant other proper relief; and we see no reason why they should not interfere in behalf of a creditor in such a case.

But we see no reason in the case before us for such action

on the part of the Court below, if it could be had in this action. There is no charge made against the personal character or business capacity of the plaintiff, and the only allegation upon which the relief was sought was that the plaintiff had already preferred debts due to his own relatives, who were creditors of the partnership, by paying them more on their debts than he had paid to other creditors, and that he was insolvent. But at that time such a preference he had a right to make. As surviving partner, he was not compelled to pay the debts of the partnership *pro rata,* or in any prescribed order. *Hodgin v. Bank,* 124, N. C., 540. It is true that he held the funds in trust for the payment of the partnership debts, but he had the same discretion as to preference in the payment of those debts as the firm would have had before the dissolution by the death of one of the partners. He was not bound by any rule prescribed by statute, as are executors and administrators, in this respect. His Honor required a bond of the plaintiff—proper under all the circumstances of this case—but that was more for the security of the future management of the fund and its distribution according to law than for indemnification for past transactions, as we suppose.

A judgment was rendered for the amount of the deposit with interest and cost for the plaintiff, and we see no error therein.

Affirmed.