## BANK v. HODGIN.

(Filed November 19, 1901.)

STATUTES —*Retroactive* —*Partnership* —*Surviving Partner* —*Acts 1901, Ch. 640.*

Acts 1901, Ch. 640, regulating settlements of partnerships by surviving partners, does not apply to actions then pending and is not retroactive.

ACTION by the People's National Bank of Winston against G. D. Hodgin, heard by Judge *H. R. Starbuck,* at May Term, 1901, of the Superior Court of FORSYTH County. From a judgment for the defendant, the plaintiff appealed.

*Glenn, Manly & Hendren,* for the plaintiff.
*Holton & Alexander,* and *Shepherd & Shepherd,* for the defendant.

FURCHES, C. J. The defendant and L. L. Lunn composed a partnership, doing business under the name and style of Hodgin Bros. & Lunn. In 1896, Lunn died, leaving the defendant the only surviving partner of the concern. Lunn, at the time of his death, was insolvent, the firm was insolvent,

and the defendant Hodgin was insolvent. At Lunn's death, he was owing the plaintiff an individual debt of $600, due by note, with the defendant Hodgin as surety, and the firm was owing the plaintiff bank $2,900. Hodgin, as surviving partner of the firm, deposited with the plaintiff bank $3,-037.77, money belonging to the firm. The plaintiff, thinking it had the right to do so, undertook to apply the $3,037.77 so deposited to the two debts due the bank mentioned above, and refused to pay the same, or any part of it, to the defendant; and the defendant, as surviving partner, brought suit against the plaintiff bank therefor. After a long litigation in the Superior Court of Forsyth, and in this Court, the defendant Hodgin finally recovered judgment against the plaintiff bank for the full amount of the deposit and interest thereon. On the first hearing in this Court, *Hodgin v. Bank,* 124 N. C., 540, reheard and reported in 125 N. C., 503, a new trial was awarded the plaintiff and the case was tried again, and again came to this Court by appeal and is reported in 128 N. C., 110. This last appeal was from a judgment of Forsyth Superior Court, November Term, 1900, and was affirmed by this Court on the 9th of April, 1901, and a final judgment entered in the Superior Court of Forsyth at ...... Term, 1901.

On the 13th of March, 1901, the Legislature passed and ratified an act (Chapter 640) providing for the *pro rata* distribution of the assets of insolvent co-partnerships dissolved by the death of one of the partners. And on the 29th day of April this action was commenced by the plaintiff bank (the defendant in the former action) against Hodgin as surviving partner (the plaintiff in the former action), in which the Court is asked to enjoin Hodgin from issuing execution on his judgment, and for a receiver.

There seems to be no grounds alleged in the complaint in this action justifying the appointment of a receiver,

BANK *v.* HODGIN.

unless it be the act of 9th March, 1901. And this is the only ground insisted on in the argument in this Court to sustain the plaintiff's contention. The plaintiff's right to have a receiver appointed is denied in the answer, which also denies the right of the plaintiff to enforce a *pro rata* distribution of the assets, in which the defendant specially pleads the former action and the judgments therein of this Court and the Superior Court of Forsyth. It is admitted that the parties in this action are the same as those in the former action, and that the $3,037.77 is the same fund or money as that involved in the former action. This being so, it seems too clear for argument that the plaintiff has no standing-ground, unless it be the act of 1901; and we do not think this gives it any. If the defendant acquired no vested right in this fund by his judgment, as contended by him (*Dunham v. Anders,* 128 N. C., 207) still we do not think the act of 1901 applies to this case. It seems to apply only in cases where such dissolution takes place after its ratification. This is the general rule of interpretation, and will be followed by this Court, unless there is something in the act itself that shows a different intention.

Instead of this act showing any purpose in the Legislature to give it a retroactive operation, it seems plainly to show it does not. It provides that "When one of the partners dies," the surviving partner shall, "within sixty days from the time of his death, prepare an inventory of the assets," etc. This could not be done in this case, and shows to our minds that it was only intended to operate in future dissolutions of the kind described.

Besides, the tenth section provides that it shall not operate in cases where actions are then pending. The action of *Hodgin, survivor, v. Bank,* was then pending, and it seems to us that if, by reversing the parties, thereby making the defendant in that action plaintiff in this, the plaintiff can

evade the statute, this section would be to but little purpose. This can not be done. The rights of the parties have been adjudged. The statute of 1901 does not aid the plaintiff, and the judgment is

Affirmed.