Motion for a certificate is accordingly denied.

Ordered accordingly.

---

BANK OF UNITED STATES, Plaintiff, *v.* IRVING NATIONAL BANK, Defendant.

Supreme Court, New York County, April, 1924.

**Banks and banking — collecting bank has no lien for pre-existing debt on drafts entered for collection — action by bank on drafts entered with defendant bank for collection — novation — judgment for plaintiff.**

As between banks, a collecting bank not giving any new credit on the faith thereof has no lien on drafts entered for collection for a balance of account arising from previous dealings.

In an action by a bank on drafts deposited with the defendant bank for collection the plaintiff is entitled to judgment where it appears from the correspondence between the parties that a complete novation was effected with respect to the entire proceeds of the drafts, pursuant to which the defendant, owing to the

drawer of the drafts the obligation to account for the proceeds, agreed to substitute plaintiff for the drawer in this obligation, and the drawer and the plaintiff both agreed to the substitution.

Action for proceeds of drafts.

*Sullivan & Cromwell (Harlan F. Stone* and *Emery H. Sykes,* of counsel), for plaintiff.

*Olcott, Bonynge, McManus & Ernst (Terence J. McManus,* of counsel), for defendant.

Proskauer, J. Plaintiff made advances, secured by documents of title to merchandise, to the Peerless Corporation pursuant to a domestic letter of credit. It surrendered these documents upon a so-called trust receipt, informal in language (and undoubtedly ineffective as against a *bona fide* purchaser, but good *inter partes*), pledging to plaintiff the property " and the proceeds thereof as security for the payment of any indebtedness." The Peerless Corporation sold the property to South American purchasers and drew upon them for the price. It placed these drafts with defendant bank for collection on August 2, 1919. On that day it owed to defendant a sum largely in excess of the amount of the drafts and all collateral held by defendant.

Thereafter, upon plaintiff's insistence that the drafts belonged to it, the Peerless Corporation wrote defendant on September sixteenth, referring to the drafts in question which " we entered with you * * * for collection * * *. Kindly be advised that this money is owed by us to the Bank of the United States * * * against loans which they have made to us against trust receipts. Upon receipt of collections, will you kindly remit funds to the above mentioned bank." On September eighteenth defendant wrote the Peerless Corporation, acknowledging the instructions and noting " that any proceeds of these collections are to be held at the disposal of the Bank of the United States." On the same day plaintiff wrote defendant that it had received a copy of the Peerless letter of September sixteenth and defendant's letter of September eighteenth, and continued, " We ask you to enter these items as collections for our account, they being our property." On September twentieth defendant wrote plaintiff acknowledging receipt of the letter of the eighteenth in regard to the Peerless drafts " which are now your property," and continued, " We have instructed our Buenos Aires correspondents to remit proceeds to us by cable upon payment and shall be pleased to give you check less our charges at that time. The drafts covered by the above and now entered for collection by us for your account, are as follows: "

Plaintiff sues for the proceeds of these drafts. Defendant resists

on the ground that it acquired at the time the drafts were deposited for collection a banker's lien, superior to any latent equity existing in favor of plaintiff, which survived the subsequent exchange of correspondence.

As between banks, a collecting bank not giving any new credit on the faith thereof has no lien on drafts entered for collection for a balance of account arising from previous dealings. *McBride* v. *Farmers Bank*, 26 N. Y. 450; *Dickerson* v. *Wason*, 47 id. 439, and cases collected in note in 111 Am. St. Rep. 426. As between bank and depositor, many cases say the bank has such a lien (*Smith* v. *Eighth Ward Bank*, 31 App. Div. 6, 9; *Joyce* v. *Auten*, 179 U. S. 591, 597; *Cockrill* v. *Joyce*, 62 Ark. 216; *Studebaker Bros. Manuf'g Co.* v. *First Nat. Bank*, 42 S. W. Rep. (Tex.) 573; *Gibbons* v. *Hecox*, 105 Mich. 509; *Greene* v. *Jackson Bank*, 18 R. I. 779; 2 Michie Banks & Banking, § 159[3]); and some contain specific dicta that such lien exists for a pre-existing debt to the bank. *Reynes* v. *Dumont*, 130 U. S. 354, 392; *Muench* v. *Valley Nat. Bank*, 11 Mo. App. 144; *Cockrill* v. *Joyce, supra; Gibbons* v. *Hecox, supra.* Many of the decisions, however, may be explained on the theory of setoff. Jones on Liens (3d ed.), vol. 1, section 259, definitely denies the existence of such a lien in New York: " This doctrine does not apply in New York, because under the rule established in *Coddington* v. *Bay* (20 Johns. 637), the taking of paper as security for, or in payment of, an antecedent debt, is not a valuable consideration therefor." But the cases cited to sustain this text all arose between banks.

It is unnecessary here to determine the initial validity of the claimed lien because the subsequent correspondence worked a complete novation with respect to the entire proceeds of the drafts. Defendant, owing to the Peerless Corporation the obligation to account for the proceeds of the drafts, agreed to substitute plaintiff for the corporation in this obligation. The corporation and plaintiff both agreed to the substitution. This constituted a typical and effective novation. 6 Harv. Law Rev. 184.

The suggestion that the novation related only to any equity that might remain in the drafts after defendant had been paid is not persuasive. In the letter of September twentieth defendant refers to the drafts as " now your property " and states specifically that when the proceeds are cabled from South America it would be " pleased to give you check less our charges." The only deduction mentioned was the " charges," obviously referring to collection charges.

The actuality here is that defendant did in fact agree to a tripartite arrangement by which the drafts were to be considered

plaintiff's property and the proceeds above collection charges remitted to plaintiff.

This is not affected by the circumstance that in filing its proof of claim in bankruptcy against the Peerless Corporation plaintiff stated that it had no collateral except " that there has been assigned to the Bank of the United States certain sums collected by the Irving Trust Company * * * which upon receipt will be further credited to the bankrupt." The use of the word " assignment " is in no way inconsistent with the effect of the novation. Indeed, it is frequently used loosely as equivalent to novation and, in a sense, an assignment is an integral part of the novation. At most, its use would be an admission against interest, which could be and is thus explained. It cannot override the plain meaning of the correspondence.

Judgment accordingly.