Ruffin, C. J.
 

 This court concurs in opinion with his Honor, that this action will not lie. It may be admitted that the sale of the goods of a firm by one of the partners in payment oí his own debt, is
 
 prima facie
 
 an act of fraud, and wrong towards the other partners. But the question is, as to the remedy for that-wrong. The case is different from that of an action brought against a parnership on a security given in the name of the firm by one of the partners for his own debt; in which case it is well settled that no action can be-sustained.
 
 Weed
 
 v.
 
 Richardson, 2
 
 Dev. & Bat. 535. The defence, however, is not that of the defrauding, but of the defrauded, partner; the latter being allowed to show that
 
 he
 
 is not bound by the security. The consequence of that, in the English law, is, that the plaintiff fails altogether, since by that law a joint action
 
 ex contractu
 
 must
 
 he
 
 sustained against all the defendants, or it cannot be against either. In this State it is different, and judgment may, by force of our statute, be entered against one or all the defendants in actions founded on contracts as in those for
 
 torts.
 
 Therefore, .hefe there may be judgment against the partner who executed the instrument, while the other is discharged upon his defence, founded on the fraud. But although a fraud of this character constitutes a good defence in the case mentioned, there are insuperable difficulties in sustaining an action brought against the purchaser of goods of the firm from one of the partners. If the action be for the price of the goods,
 
 *487
 
 as upon a’sale, it must be in the names of all the partners, eluding him who made the fraudulent sale; and there is an~ inconsistency and absurdity in the idea of the perpetrator of a fraud recovering, as one of the plaintiffs, in an action against a person* who co-operated in the fraud. In
 
 Richmond
 
 v.
 
 Heassy,
 
 1 Stark. Rep. 202, Lord Ellenborough held, that an action could not be maintained in the name of the three partners in a firm against the acceptor of bills drawn by the firm, when the defendant showed, that one of the firm — though in fraud of his partners — had engaged to provide for the bills. This was held upon the principle, that the partners were obliged to sue jointly; and that the release or other act of one, therefore, bound the rest, as well as himself. If the action be for the property itself, instead of the price, or be trover or trespass for taking or converting the property, the result must be the same. It is not necessary to express an opinion, whether such a purchaser could maintain an action against the other partners, if they happened to get the goods into possession. Our enquiry is whether the partners or any of them can have an action against the purchaser; and in reason, an action sounding in torts stands, in such a case, on the same footing with one for the price. In
 
 Jones
 
 v.
 
 Yates,
 
 9 Barn. & Cres. 532, where Sykes was a partner in two firms and took the money and bills belonging to one to pay his debt to the other, it was held, that neither assumpsit for the money nof trover for the bills would lie in the names of the partners to whom the money and bills had belonged, nor, they having become bankrupt, in the names of their assignees. In delivering the opinion of the Court of King’s Bench,Lord Tenterden said, there was no instance in which a person had been allowed as plaintiff in a court of Law, to rescind his own act, upon the ground that such an act was a fraud on some other person; whether the party sued in his own name only, or jointly with such other person. It may be supposed, as the present action is not brought in the name of the dishonest partner, but in that of the injured one alone and the defendant has not pleaded in abatement the non joinder of the other partner, that it ought
 
 *488
 
 be sustained, and the plaintiff be allowed to recover his ac^e<luate Part °f the value of the goods. But the rule reqtiiring a plea in abatement, when an action of
 
 tort
 
 is brought by one joint-tenant or tenant in common, applies only to those cases, in which a joint action by all the persons having an interest would lie. If in such a case the defendant does not plead in abatement to the action brought by one tenant in common, the plaintiff recovers in that action according to his share; and, when the other sues for his share, the plea of non-joinder comes too late; since the action cannot then be sustained in another form, and unless it could be in that, the plaintiff might be entirely defeated, by collision between his co-tenant and the defendant. But partners do not, in this respect, resemble tenants in common or ordinary joint-tenants. They cannot sever in an action; and one of them can, by a sale, pass the whole interest in a chattel belonging the firm; whereas a sale by a tenant in common, or joint-tenant, passes only his interest; and his former co-tenant may still hold, or take possession, as part owner. In the case of
 
 Jones
 
 v.
 
 Yates,
 
 Lord Tenderden said, the property passed at law as against Sykes, (the fraudulent seller,) and there was no remedy at law for Bury (the other partner) to recover it back. He could not do so, without making Sykes a party. He thus agrees with Lord Ellenboiough, that partners must sue jointly. The difference between tenants in common and partner's is exhibited more plainly, when it is considered what remedies persons standing in those relations respectively have against each other. If a tenant in common destroy the chatttel, or, as some‘think, if he sell the whole, his fellow may have trover or trespass against him. But it is clear, that between partners those actions do not lie; nor, indeed, any others at law. Every thing rests in confidence between partners, and lies in account while the partnership continues; and if one of them sell or take, or destroy the joint-effects, all that can be done is to -charge to him the value in account. The interest of partners in particular chattels cannot be determined by the number of partners nr their shares of the profits; nor can one of them claim a division of specific articles. An account must be taken of the whole
 
 *489
 
 partnership, so as to ascertain the clear interest of each ner.
 
 Baird
 
 v.
 
 Baird,
 
 1 Dev.
 
 &
 
 Bat. Eq. 524 Until such account he taken, it cannot be told, whether the partner, who, for his own benefit, sold or consumed the partnership property, was not justifiable, inasmuch as his interest in the joint stoek may have exceeded the value of the property. If this action had, therefore, been brought against the fraudulent partner himself, it must have failed; and it might be, on the clearest ground of right and justice. So, for the same reason, it must against the vendee of that partner. As respects the right to the thing sold, the assignee stands in the shoes of his assignor. Besides, it is impossible to say .what damages the plaintiff ought to recover. In an action by one tenant in common, he has only to show his interest, which is determinate, as a quarter or an half, and no plea in abatement being put in, the jury apportions the damages accordingly. , But, as already mentioned, the interests of partners are complicated and depend upon the result of all the ac counts of the partnership. To take the accounts a court of law is unfit, and, indeed, incompetent; and, therefore, the jury cannot apportion the damages, which, as a partner, the plaintiff ought to recover. As a court of law. thus finds itself incapable of ascertaining the rights of the parties and doing justice between them, it ought not'to assume the jurisdiction for any purpose, but leave the whole subject to that tribunal, which can administer exact justice, in the premises.
 

 Pkr Curiam, , Judgment affirmed.