The right of the plaintiff to dower in the tanyard lot is settled bySummey v. Patton, post, 601. The lot having been sold by the surviving partners, there will be a reference to fix the amount to which she is entitled absolutely, according to the ratable value of her life estate.
We are of opinion she is also entitled to dower in all of the land acquired by her husband under the will of J. W. Patton, except the tracts or parcels of land which pass to the executors under the residuary clause, in trust to be sold by them, and the proceeds of sale divided equally among his wife and children. A devise operates as a conveyance. The land passesdirectly from the devisor to the devisee, and the *Page 374 
executor takes no estate or interest in it. For this reason the lands given specifically to the wife and children do not come within the operation of that clause which directs the executor "to keep my estate together, and not to hand over any of the devises or legacies until my existing railroad contracts in Tennessee and North Carolina are completed." (575) In reference to land specifically given, the words "not to hand over" can have no application whatever. Indeed, apart from this principle growing out of the essential difference between a devise and a legacy, we should incline to the opinion that by a proper construction this restriction only applies to the property contained in the residuary clause. It is a part of that clause, and is naturally confined to the property therein disposed of, to say nothing of the unreasonableness of the supposition that it was the intention to tie up his whole estate, real and personal, until a future event which might not happen for several years, leaving his wife and children in the meantime to starve. If such had been the intention, there surely would have been some provision for their support. And the fact that the land in the hands of the devisees would still remain ultimately liable for the debts of the devisor, in aid of the other portions of his estate towards the completion of the railroad contracts, seems to confirm the soundness of this construction.
Decree for the plaintiff.
Cited: Ferguson v. Hass, 62 N.C. 115; Mendenhall v. Benbow, 84 N.C. 650;Sherrod v. Mayo, 156 N.C. 148; Phifer v. Phifer, 157 N.C. 229.