Reads J.
 

 The answer sets forth the facts, that the hotel lot in which dower is sought, was purchased by the husband of the petitioner and his two brothers, who are defendants, as partners, to carry on a partnership business of hotel keeping; and that they did fora long time carry on the business, and incur large debts, which are yet unpaid; and that the personal effects of the partnership are insufficient
 
 *526
 
 to pay the debts, and that a sale of the hotel will be necessary for that purpose. The cause is heard upon petition and answer. ' So that it is to be taken that the hotel lot was partnership property.
 

 Our statute (Code, c. 43, s. 2,) provides that land jointly purchased for partnership purposes shall upon the death of one partner survive to the others for the purpose of paying the partnership debts. And when the partnership debts are satisfied, if there is any remainder, such share as would have fallen to the deceased partner, shall be delivered over to his heirs, executors, administrators or assigns. Under that statute, real estate held and used for partnership purposes is subject to partnership debts, to the exclusion of the heir or widow of the deceased. That being so, the remaining question is, suppose there be a surplus after the debts are paid, what will become of that ? The case of
 
 Summey
 
 v. Patton, Win. Eq., 52, decides that it retains its character as real estate and descends to the heir. In that case, the heir takes subject to the widow’s right of dower.
 

 The conclusion is, that the hotel lot is liable for the partnership debts after the personal effects of the partnership are exhausted; and that it is the duty of the surviving partners to apply first all the other partnership effects to the satisfaction of the debts, and if any remain unsatisfied, then to sell the hotel and apply the proceeds, or so much as may be necessary for that purpose. If there be a residue they will deliver one third thereof to the heirs of the deceased partner, subject to the widow’s right of dower.
 

 The petitioner will be entitled to have an account of the partnership, and a decree in accordance with this opinion. It will be for her consideration whether an account will sub-serve her interests.
 

 The costs below already incurred will be paid by the sur
 
 *527
 
 viving partners who are defendants, and the same may be a charge against the partnership effects.
 

 The cost of this court will be paid by the defendants.
 

 This will be certified, &c.
 

 Per Curiam. Ordered accordingly.