MOSES WEISEL v. GEORGE COBB, Assignee.

*Surviving Partner, assignment by—Duty of Assignee—Trust—Action for Accounting Against Assignee.*

1. Upon the death of one partner the law vests the title to the partnership assets in the survivor in trust to pay the firm debts and divide the remainder between himself and the administrator of the deceased partner.

2. Where a surviving partner of a firm conveyed to "C., administrator" of the deceased partner, the assets of the firm to enable the said "C., administrator, to pay off all the debts and liabilities of the deceased partner, including the debts of the said firm, and to legally account for all such moneys as may come into his hands by virtue of this assignment": *Held,* that the assignor (the surviving partner) is entitled to bring suit against C. individually for an accounting of his trusteeship.

CIVIL ACTION, heard before *Brown, J.,* at January Special Term, 1894, of PASQUOTANK Superior Court.

The purpose of the action was to obtain an accounting by the defendant of his trusteeship under a deed of assignment made by Moses Weisel, the plaintiff, surviving partner of the firm of S. Weisel & Son. The assignment was as follows :

"Whereas, the late firm of S. Weisel & Son had pecuniary liabilities; and whereas, George W. Cobb has administered upon the estate of Samuel Weisel, deceased, who was senior member of said firm, now therefore, in order to enable the said Cobb, administrator, to pay off all the debts and liabilities of the said Samuel Weisel, including the debts of the said firm, I, Moses Weisel, the sole surviving partner of the said firm, for one dollar to me in hand paid

by said Cobb (the receipt of which is hereby acknowledged),
do hereby transfer and assign to said Cobb, administrator,
all the stock of goods, all notes and accounts and choses
in action, and all other personal property of said firm, and
I do hereby vest with him full power to bring suit in his
name as administrator aforesaid upon all notes and accounts,
and to collect the same, and to legally account for all such
moneys as may come into his hands by virtue of this
assignment.

"Witness my hand and seal, this the sixteenth day of
June, 1886.                    MOSES WEISEL, [Seal.]
          "*Surviving partner of S. Weisel & Son.*"

The complaint was as follows:

"1. That the plaintiff and S. Weisel were merchants in
Elizabeth City, N. C., and partners doing business under
the firm-name of 'S. Weisel & Son.'

"2. That during the continuance of said firm S. Weisel
died during the year 1886, and left this plaintiff surviving
partner.

"3. That shortly after the death of S. Weisel the defend-
ant, G. W. Cobb, administered on his estate.

"4. That on the 16th day of June, 1886, this plaintiff,
as surviving partner of the firm of S. Weisel & Son, made
assignment to G. W. Cobb, administrator of S. Weisel, of
all of the stock of goods, all notes and accounts and choses
in action, and all other personal property of said firm, and
to sue for and collect all notes and accounts, and to legally
account for all amounts and moneys so collected and
received by virtue of said assignment.

"5. That said G. W. Cobb, by virtue of said assignment,
took charge of all of the goods, merchandise, notes and
accounts, choses in action, and all other personal property
belonging to the said firm, of the value of thirty-three

thousand dollars, or some other large sum, and converted same to his use.

"6. That by virtue and force of said assignment defendant Cobb was required to legally account for and settle with this plaintiff for all of the property, goods, merchandise, notes and accounts, etc., that went into his hands belonging to the said firm of S. Weisel & Son.

"7. The plaintiff has demanded a settlement and account of defendant, showing his management and disposition of said property belonging to said firm, and to him as surviving partner of same, with all of which fair, reasonable and just request and demand defendant has refused to comply.

"8. That this defendant is indebted to plaintiff in the sum of two thousand dollars, or some other large sum, on account of money received belonging to said firm, his management and conversion of the property herein set out, for which he refuses to account and settle.

"Wherefore, plaintiff demands judgment against defendant for the sum of two thousand dollars; that an account may be taken, showing amount of property received by defendant, value of same, amounts paid out under the assignment, also amount remaining in the hands of defendant due the plaintiff, and for such other and further relief as the nature and circumstances of the case may require, and for costs."

At September Term, 1892, the cause was, by consent, referred to W. J. Griffin, Esq., and upon the coming in of the report many exceptions were filed, and his Honor being of opinion "that the action cannot be maintained against George W. Cobb individually, but that he must be sued as administrator, and his liability adjusted according to the law as applicable to an administrator," granted defendant's motion to dismiss the action, and plaintiff appealed.

*Messrs. Grandy & Aydlett,* for plaintiff (appellant).
No counsel *contra.*

BURWELL, J.: The plaintiff, being the survivor of the firm of S. Weisel & Son, succeeded by right of such survivorship to all the assets of the partnership upon the death of his partner. They were vested in him as trustee, first, to pay out of them all the debts of the firm; and secondly, to divide between himself and the administrator of his deceased partner what should remain after the payment of the firm debts according to the terms of the copartnership. The law gave him the title to all these assets, but along with it put upon him the burden of the trust. By the assignment set out in the record he stripped himself, so far as he could, of this title, and put it in the defendant (who had been appointed to administer the estate of the deceased partner), "to enable the said Cobb, administrator, to pay off all the debts and liabilities of the said Samuel Weisel, including the debts of the said firm." The plaintiff could not thus, or indeed in any way, escape his liability to the partnership creditors. That liability remained upon him notwithstanding the assignment. And his right to a share of what remained after the payment of the partnership debts was unaffected, for, far from surrendering his personal interest in the assets, as we construe the assignment, he expressly imposed upon the assignee, whom he thus substituted for himself to administer the trust, the duty " to *legally* account for all such moneys as may come into his hands by virtue of this assignment"; that is to say, to administer these partnership assets just as he would administer them under the law if the assignment had not been made. For two reasons, therefore, the plaintiff could call for an account of the management of these assets: to ascertain if the firm debts had been paid, and, if not, to have that done; and to ascertain if any sum was due to himself, and if so to receive its payment. He therefore, most unquestionably, had a good cause of action against the

assignee to whose care he had committed the valuable partnership assets.

If it should appear on the taking of the account that the debts of the firm had all been paid and that the balance remaining after such payment had been applied as plaintiff had expressly or impliedly agreed that it should be, there would be a judgment against him for costs, and the whole matter would be finally settled.

The plaintiff, being thus circumstanced, sued "George W. Cobb," and alleged among other things that the value of the assets was "thirty-three thousand dollars or some other large sum," and that "G. W. Cobb by virtue of said assignment" took charge "of said assets and converted same to his use." The record shows that *by consent* there was a reference to state an account. The referee heard the cause and made a report, and, upon the hearing of the case upon exceptions to that report, "G. W. Cobb" made a motion to dismiss the cause for the reason that the assignment spoken of was made to "G. W. Cobb, administrator," and upon this motion the action was dismissed.

The facts set out in the complaint constituted a good cause of action in favor of the plaintiff against the defendant. If upon the taking of the account it shall be found that on a proper settlement of the partnership business there was a balance left after the payment of all the liabilities of the firm, the question will arise, Was the plaintiff entitled to any part of this balance under the terms of the copartnership? And if that be answered in the affirmative, the question will arise, Did the plaintiff expressly or impliedly agree that the defendant should apply the balance so due him to the payment of the individual liabilities of Samuel Weisel? And should this also be answered in the affirmative, there would arise the further question, Has the defendant used that fund in the prescribed way? About

this last question the plaintiff had a right to inquire.   He is the trustor.   It is his privilege to demand of the trustee an account.   As we have said, the plaintiff, as surviving partner, was invested with the title to all the partnership assets as a trustee.   He transferred that trust to "George W. Cobb, administrator."   The duty of winding up the affairs of S. Weisel & Son, there being a surviving partner, was not imposed by law on the administrator of Samuel Weisel. He received these valuable assets, not as administrator, we think, but the title to them was put in him because he was such administrator.   At any rate he took them in some capacity and for some purpose from the plaintiff, who by this action demands an account of his trusteeship.   He is, we think, clearly entitled to it.   If "George W. Cobb, administrator," has applied those assets as they were legally and properly applicable, all well.   That will protect "George W. Cobb."   If either "George W. Cobb" or "George W. Cobb, administrator," has misapplied them, it is not well, and "George W. Cobb" must answer for the breach.   The action should not have been dismissed.

Error.