IN RE HYBARTS' ESTATE.

(Filed October 22, 1901.)

JURISDICTION—*Motion in the Cause—Action—Dower—Practice.*

> An *ex parte* proceeding by a widow to subject land in the hands
> of heirs to the payment of dower charges thereon can not be
> had before the Clerk, nor by a motion in the cause wherein
> dower was allotted, the proper remedy being in original ac-
> tion on the claim.

PROCEEDINGS to subject the estate of Wm. M. Hybart to
the payment of dower charges thereon, heard by Judge *W. S.
O'B. Robinson,* at March Term, 1899, of the Superior Court
of CUMBERLAND County. From a judgment of dismissal
for want of jurisdiction, Delia J. Hybart appealed.

*N. A. Sinclair,* and *H. L. Cook,* for the appellant.
*Geo. M. Rose, contra.*

CLARK, J. In 1889 dower was regularly allotted to Delia
J. Hybart in an *ex parte* petition by her and her heirs-at-law.
The report of the commissioners allotted her the farm of her
husband for life in severalty, and to make up her third fur-
ther charged upon the realty allotted to the heirs-at-law the
payment of all taxes on the entire estate and the payment by
the heirs to the widow of $5.00 per month out of the rents
of the realty allotted to them.

For awhile these payments were made, but, having fallen
into arrearage of eleven months, this is a motion in the cause
to subject the realty in hands of the heirs to the payment of
the $55.00 overdue.

The remedy sought could not be had before the Clerk.
Nor could it be had by a motion in the cause, that cause
having been terminated by a final judgment confirming the

allotment of dower.  *Causey v. Snow,* 120 N. C., 279.  This is an adversary proceeding, and if for a merely personal judgment against the heirs-at-law, should have been begun before a Justice of the Peace, and if it is sought to enforce the lien of $5.00 per month conferred by the judgment above recited, it should have been begun by summons returnable to term.

It is true a motion in the cause may sometimes be treated as an independent action—*Stradley v. King,* 84 N. C., 635—but that motion in an adversary cause and in the proper Court.  Here this is an adversary motion in an *ex parte* cause, and begun before the Clerk when it should have been brought to term before the Judge.  If we could pass the first point, counsel insist that by virtue of Chapter 276, Laws 1887, amending The Code, sec. 255 (see Clark's Code, 3d Ed., pp. 265, 267), the case having gotten into the Superior Court, the Judge is vested with jurisdiction.  It is true, to prevent the anomaly of a cause brought before the Clerk and regularly carried by appeal or transfer to the Judge *of the same Court* (the Clerk being only the finger of the Court), being dismissed to be begun again before the same Judge, the above act does provide that the Judge shall have jurisdiction. *Faison v. Williams,* 121 N. C., 152; *Roseman v. Roseman,* 127 N. C., 494, and cases cited in the latter at page 497. If this were not so, our practice would be no whit better than when an action in covenant was dismissed because not brought in *assumpsit,* or an action in contract was put out of Court because not brought *in tort,* or when a man might be dismissed because his suit was not on the equity side of the docket when, after paying a big bill of costs, he could bring an action in the same Court at law.  But here this adversary motion is not only made in an *ex parte* cause which had been terminated by final judgment, but if treated as a new action brought before the Clerk (when it should have been begun

to term) the record shows no appeal or transfer placing it before the Judge. Nothing indicates how it got before him, or that it was rightly carried before him. There is nothing before us except his very proper judgment that, upon the record, he had no jurisdiction to grant the petitioner the relief she asks. There is nothing that by any construction under the most liberal practice puts the jurisdiction in the Judge.

No error.