W. L. SHERROD, SURVIVING PARTNER OF J. W. SHERROD & BROTHER, v. N. J. MAYO, ADMINISTRATOR OF J. W. SHERROD, AND JOHN M. SHERROD.

(Filed 4 October, 1911.)

1. Partnership—Death of Partner—Dissolution—Debts—Real Estate—Heirs at Law.

When lands are purchased by a partnership with partnership funds, upon the death of one of the partners, in the absence of

any agreement in the articles of partnership to the contrary, his share therein descends to his heir at law as real estate, if the personal property of the partnership is sufficient to pay all the partnership debts and demands.

### 2. Same—Deed and Conveyances.

When the rule applies that lands purchased by partnership funds descend to the heir at law, it is immaterial whether the heir of the deceased partner claims his interest by deed from him or by inheritance.

### 3. Same—Surviving Partner.

The heir at law to whom a deceased partner had conveyed by deed his share of lands purchased with partnership funds is entitled to the lands against the rights of the surviving partner, in an action by the latter for possession for the purpose of winding up the partnership affairs, when it appears that the partnership personalty is sufficient for the purpose of paying the partnership debts and satisfying any claim the surviving partner may have, and there is no provision in the articles of the partnership agreement of a contrary purpose.

### 4. Partnership—Dissolution—Personalty—Surviving Partner—Debts.

The surviving copartner has the closing up of partnership affairs, the reduction of personal property to cash and the settlement of partnership affairs, and the title to this class of personal property vests at once in the surviving partner and not in the personal representative of the deceased partner. Revisal, sec. 1579.

### 5. Partnership—Personalty—Sale by Partner—Vendee—Interest Acquired.

A sale by a partner of his interest in a partnership vests in the purchaser only the vendor's share of the surplus which remains after payment of the partnership debts and the settlement of accounts between the partners, and not a share of the partnership personal effects.

Appeal from *Ward, J.,* at April Term, 1911, of Edgecombe.

This is a civil action brought by the plaintiff as surviving partner against the administrator and the heir at law and son of John W. Sherrod for a settlement of the copartnership estate, which consisted of a large number of tracts of land and a large quantity of personal property, used principally in farming operations.

156—10

The plaintiff asked to be put in possession of all the lands and personal property belonging to the copartnership, some of which was in the possession of defendants, claiming the right to sell both lands and personal property as surviving partner, for the purpose of settling up the partnership.

It is admitted that there are no copartnership debts outstanding due third parties. The cause was heard by his Honor upon the pleadings and affidavits. Upon the pleadings, affidavits, and admitted facts, plaintiff asked:

1. That the plaintiff be decreed entitled to the possession of the entire partnership property, both real and personal.

2. That the defendants be restrained from interfering in any way with the plaintiff in custody, control, or management of the partnership property.

3. If the plaintiff is not entitled to a decree adjudging him the owner and entitled to the entire property of the partnership, for the purpose of winding up and settling the same, then that a receiver be appointed to take charge of the entire partnership property and wind up and settle the partnership affairs under the order of this court.

4. For reference and statement of account between the parties.

His Honor ordered a reference to state the copartnership account since the last settlement, admitted to have been made between the partners in 1904; decreed that plaintiff as surviving partner is entitled to possession of the personal property for the purpose of selling it and administering the same; and the court further decreed:

"The motion of the plaintiff that he be placed in possession of that part of the real estate which is above described as being in Edgecombe and Nash counties, as surviving partner, is denied.

"The facts with respect to the real estate are not in dispute, and are as follows:

"1. The lands described in the complaint, however, conveyed in the deeds, were bought by J. W. Sherrod & Brother, with partnership funds.

"2. It is also not in dispute, but is really admitted, and the court so finds, that there is sufficient personal property on hand, when sold and the proceeds collected, to pay every debt owing by J. W. Sherrod & Brother, including the debt·owing each member of the firm by the firm. The court further finds that the only debts there are owing by the firm of J. W. Sherrod & Brother are the debts owing to the members of said firm.

"3. That on 12 September, 1904, J. W. Sherrod, deceased ` partner of J. W. Sherrod & Brother, executed and delivered deed for all of his right, title, and interest in the farms in Edgecombe County, known as Pittman place, Cutchin place, Pippen place, and Watkins place, and all his interest in the personal property on each of said farms, to defendant, John M. Sherrod. That said deed was registered in Edgecombe County on .... April, 1910. That the plaintiff in this case had no knowledge or information as to the execution or delivery of said deed until after the institution of this suit, and shortly prior to the April Term, 1911, of Edgecombe Court.

"4. It thus being a fact that it will take none of the real estate, under any circumstances, to settle any of the indebtedness or expenses incurred in winding up the estate, but that it would go entirely to the partners and their heirs as tenants in common, the court is of opinion that it ought not to go into the hands of the surviving partner as such, and that he is not entitled to the possession of same as such surviving partner, nor ought he to be permitted to sell the real estate as such surviving partner for partition, but that the said surviving partner and heirs at law of the deceased partner are tenants in common, and either has a right to insist upon partition of the land in kind. Whereupon it is ordered that the motion of the plaintiff that he be put in possession of said lands as surviving partner is denied."

To so much of the order as denied the right of the plaintiff to take possession and sell all the real estate of the copartnership the plaintiff excepts and appeals.

*W. J. Sherrod, H. A. Gilliam, and Justice & Broadhurst for plaintiff.*

*G. M. T. Fountain & Son, Bunn & Spruill for defendant.*

BROWN, J. It is the doctrine of the English courts that, as between partners and their heirs and representatives for the purposes of the copartnership, real estate will be treated as personalty if the partners have by the articles of copartnership so treated it and impressed upon it the character of personalty.

There is no doubt that in this country copartners may by articles of copartnership provide that the firm's real estate may be treated as personalty and sold by the surviving partner for the settlement of the copartnership.

In the absence of any such stipulation it was a vexed question for a long time whether, after the dissolution of the firm by the death of one of the members, the debts being paid, the share of the deceased partner should be treated as personalty and pass to the surviving partner for the settlement of the copartnership, or descend to his heirs at law as real estate.

Judge Story refers to the great diversity of juridical opinion upon this subject. The question was considered by this Court in *Summey v. Patton,* 60 N. C., 601, and it was then decided that "Where land is purchased by partnership, with partnership funds, and used for partnership purposes, upon dissolution of the firm by the death of one of the partners, his share of the land descends to his heir at law as real estate, and does not pass to his representative as personalty, in the absence of any agreement in the articles of copartnership."

This case was approved and followed in *Stroud v. Stroud,* 61 N. C., 525, where it is held that real estate belonging to a copartnership is subject to dower of the widow of a deceased partner, subject, of course, to the payment of the partnership debts, in the absence of any provision to the contrary in the articles of copartnership. *Patton v. Patton,* 60 N. C., 572. These cases are all cited and approved in *Mendenhall v. Benbow,* 84 N. C., 650.

These decisions have settled the question in this State, and they are in accord with the great weight of authority in this country.

In the case of *Shearer v. Shearer,* 98 Mass., 107, the subject is elaborately discussed and what is regarded as the American rule is embodied in the opinion, the substance of

which is that the change of character of real to personal estate is worked, if at all, only for the purpose of adjusting and settling the affairs of the partnership, and when the debts are paid the interest of the deceased partner will descend to his heirs.

The following authorities support the decisions of this Court: George on Partnership, pp. 126-127; Story on Partnership, sec. 92, p. 146; *Way v. Stebbins,* 47 Mich., 297, in which it is said: "Partnership lands are to be equally divided among survivors and the heirs of a deceased partner when there are no partnership debts to be satisfied." *Foster's Appeal,* 74 Pa. St., 392; *Yeatman v. Woods,* 27 Am. Dec., 452, and note, 454; notes to 86 Am. Dec., p. 454.

So it has been held that upon the dissolution of a firm real estate may be divided by *compulsory* partition, when it is shown that it is not required to satisfy the liability of the partnership. *Pepper v. Pepper,* 24 Ill. App., 316; *Strong v. Lord,* 107 Ill., 25; *Long v. Waring,* 25 Ala., 525; 60 Am. Dec., 533; *Shearer v. Shearer,* 98 Mass., 107; *Scruggs v. Blair,* 48 Miss., 406; note to 27 L. R. A., 353.

The fact that the son and heir of the deceased partner claims his father's interest in a portion of the lands by deed instead of inheritance makes no difference. He is entitled to the deceased partner's share of the land after the debts are paid, whether he takes purchase or by descent. *Wells v. Mitchell,* 23 N. C., 489.

The judgment is
Affirmed.

### No. 143—DEFENDANT'S APPEAL, SAME CASE.

THE defendants excepted to so much of the judgment of the Superior Court as required the surrender by them to plaintiff, as surviving partner, of the personal property in their possession belonging to the copartnership.

It is well settled that the surviving copartner has the closing up of the partnership affairs, the reduction of its personal property to cash and the settlement of the partnership affairs. George on Partnership, p. 135.

The reasons which in this country are regarded as sufficient to forbid the sale of real estate, except when necessary to pay the debts of the copartnership, or for its proper settlement, do not apply to personalty. The title to that vests at once in the survivor and not in the personal representative of the deceased partner, and he is entitled to its possession. Revisal, sec. 1579; *Walker v. Miller,* 139 N. C., 448; *Weisel v. Cobb,* 114 N. C., 22; *Hodgin v. Bank,* 128 N. C., 110.

Purchasers of the share of an individual partner can only take his interest. That interest and not a share of the partnership personal effects is sold, and it consists of the vendor's share of the surplus which remains after payment of the partnership debts and the settlement of accounts between the partners; and if, upon the winding up of the firm, the transferring partner's interest has no pecuniary value, the transferee takes nothing by his transfer. Cyc., vol. 30, p. 458; *Daniel v. Crowell,* 125 N. C., 519; *Ross v. Henderson,* 77 N. C., 170. The judgment is

Affirmed.