IN RE ESTATE OF FRED STYERS.

(Filed 11 May, 1932.)

1. Clerks of Court C a—Duties of clerk in appointing or removing personal representatives are separate and distinct from general duties.

    Although Art. IV, sec. 17, of the Constitution of 1868 relating to the probate jurisdiction of the clerks of the Superior Courts was stricken out of the Constitution of 1873, and the Constitution does not now prescribe the jurisdiction of clerks, the clerks now perform the duties formerly pertaining to the office of judges of probate, and such jurisdiction is exercised separate and distinct from their general duties as clerks. C. S., 1, 938(14).

2. Courts A c—On appeal from order of clerk appointing administrator Superior Court may reverse order but case should then be remanded.

    The Superior Court has jurisdiction to hear an appeal from the order of the clerk appointing an administrator for the estate of a deceased, but where the clerk's order is reversed the Superior Court has no jurisdiction to appoint another administrator, and the case should be remanded to the clerk, and this result is not affected by the provisions of C. S., 637, conferring jurisdiction on the Superior Court to determine all matters in controversy upon appeal from the clerk in any civil action or special

proceeding, the appointment of an administrator being neither a civil action nor a special proceeding. *In re Estate of Wright*, 200 N. C., 620, distinguished upon principles of the equity jurisdiction of the Superior Courts.

APPEAL by Luther West from *Clement, J.*, at December Term, 1931, of DAVIE. Error.

Fred Styers died 28 May, 1931, leaving a widow, Viola Styers, and a son, Henry Ford Styers, who is about twelve years of age. The widow renounced her right to administer on the estate of her deceased husband and nominated Luther West for appointment. J. C. Styers on behalf of himself and his brothers and sisters protested the appointment of West on the following grounds: (1) Fred Styers was shot and killed by John Henry Hauser, who has been convicted of murder in the first degree; (2) the estate of Fred Styers has a cause of action for wrongful death against John Henry Hauser; (3) Viola Styers is a daughter of John Henry Hauser and upon his death will inherit a part of his estate; (4) her nominee, if appointed administrator, will be under her influence and will not bring suit for the wrongful death of the deceased; (5) her interests are adverse to those of her deceased husband's estate; (6) she is disqualified to act as personal representative of his estate and to nominate the appointee; (7) Luther West is a brother-in-law of Floyd Hauser, a son of John Henry Hauser, subject to his control, and disqualified to act.

The clerk appointed Luther West as administrator and the protestant excepted and appealed to the Superior Court. At the December Term the trial judge held that by reason of antagonistic interests Viola Styers is disqualified and should not be heard to nominate the appointee, and that Luther West for specified reasons is likewise incompetent. The judge thereupon appointed a third party of his own selection and authorized the appointee to give bond and enter upon the administration of the estate. Luther West excepted and appealed.

*Jacob Stewart for appellant.*
*Elledge & Wells for appellee.*

ADAMS, J. The appellant contests the power of the presiding judge, after reversing the order of the clerk, to retain jurisdiction and appoint the administrator. If this position is sustained the other exceptions may be disregarded.

The Constitution of 1868 contained the following section: "The clerks of the Superior Courts shall have jurisdiction of the probate of deeds, the granting of letters testamentary and of administration, the appoint-

ment of guardians, the apprenticing of orphans, to audit the accounts of executors, administrators and guardians, and of such other matters as shall be prescribed by law. All issues of fact joined before them shall be transferred to the Superior Courts for trial, and appeals shall lie to the Superior Courts from their judgments in all matters of law." Art. IV, sec. 17.

Pursuant to this constitutional provision the General Assembly enacted statutes prescribing the qualification and general duties of clerks of the Superior Courts while acting in the respective capacities of clerks and of judges of probate. Battle's Revisal: Code Civil Procedure, ch. 8; Probate Courts, ch. 90. These statutes were designed to indicate and to stress the distinction between the general duties and the special jurisdiction of a clerk of the Superior Court. In the performance of his general duties he kept a record of his official acts, issued process, and entered in the dockets of his office minutes of all proceedings. As a separate department of the court he exercised jurisdiction in matters of probate. On appeal from the clerk it became necessary to determine whether the appellate jurisdiction was derivative and it was held that the judge should decide the question presented and, if derivative and further action was necessary, should remand the case to the clerk. Accordingly it was said in *Pearce v. Lovinier,* 71 N. C., 248, that upon appeal from an order of the clerk appointing or removing an administrator the Superior Court had jurisdiction, not to make the appointment or removal, but merely to issue a procedendo requiring the clerk to appoint a suitable person to administer the estate.

The Convention of 1875 struck out section 17, Art. IV, of the Constitution of 1868 and substituted sections 16 and 17 of Art. IV of the present Constitution, which provide that clerks shall be elected by the qualified voters and shall hold their offices for four years. The clerks now have no jurisdiction prescribed by the Constitution and the office of judge of probate is abolished. Duties formerly pertaining to the judges of probate are now performed by the clerks of the Superior Court; but the distinction between their general duties and their special jurisdiction is maintained in cases decided after the Constitution was amended. *Brittain v. Mull,* 91 N. C., 498. Although the office of probate judge is abolished the clerk in appointing or removing a personal representative exercises functions separate and distinct from his duties as clerk, as certainly as if he were entitled judge of probate. *Edwards v. Cobb,* 95 N. C., 4.

Upon this theory the appellant contends that the judge had no power to appoint any person to administer the estate of the deceased, and that it was his duty after deciding the question presented for review to

remand the cause for further proceedings. The appellee insists that by virtue of C. S., 637 the judge had jurisdiction to proceed to final judgment. The section provides in effect that whenever a civil action or special proceeding begun before the clerk is for any reason sent to the Superior Court the judge shall have jurisdiction and may hear and determine all matters in controversy unless justice requires that it be remanded. It has been said that the judge was given jurisdiction "to prevent the anomaly of a cause brought before the clerk and regularly carried by appeal or transfer to the judge *of the same court* (the clerk being only the finger of the court) being dismissed to be begun again before the same judge." *In re Hybart's Estate,* 129 N. C., 130. The section has been held applicable also in proceedings for the partition of real property, for the sale of land to make assets, for the recovery of a legacy (C. S., 147), and for condemnation of land. *Foreman v. Hough,* 98 N. C., 386; *Ledbetter v. Pinner,* 120 N. C., 456; *York v. McCall,* 160 N. C., 276; *Perry v. Perry,* 179 N. C., 445; *Selma v. Nobles,* 183 N. C., 322. In terms it relates to "a civil action or special proceeding." The clerk of the Superior Court has jurisdiction within his county to grant letters of administration (C. S., sec. 1, sec. 938(14); but the mode of his appointment is neither a civil action nor a special proceeding. *Edwards v. Cobb, supra; In re Battle,* 158 N. C., 388. We are of opinion, therefore, that the judge had no jurisdiction to appoint an administrator of the Styers estate. The clerk's order was subject to review on appeal. *In re Battle, supra; In re Gulley,* 186 N. C., 78. But when the question thus presented was disposed of and the appointment of West was reversed the cause should have been remanded to the clerk for further proceedings.

The appellee cites *In re Estate of Wright,* 200 N. C., 620. In that case the action for the construction of the family agreement and for advice as to the management and settlement of the estate and the proceeding before the clerk for the removal of the executors were consolidated without objection. It was therefore held that the judge made no error in retaining jurisdiction and appointing a receiver with power to settle the estate according to the family agreement, the Court approving the following excerpt from *Fisher v. Trust Co.,* 138 N. C., 90: "The jurisdiction of courts of equity to entertain administration suits at the instance of creditors, devisees, and legatees has been uniformly recognized and frequently exercised." The facts there stated are entirely distinct from those in the case before us.

Error.