W. B. COPPERSMITH, MRS. ATTIE COPPERSMITH, ELISHA COPPERSMITH AND IRMA C. HOPKINS v. L. J. UPTON.

(Filed 3 March, 1948.)

**1. Estates § 16: Partnership § 12—**

Under the proviso of the statute abolishing survivorship in personalty generally, a surviving partner is vested with title to the partnership estate for the purpose of settling the affairs of the partnership. G. S., 41-2.

**2. Partnership §§ 12, 13—**

The fact that the surviving partner instituting action on a partnership asset has not filed bond as required by G. S., 59-74, is not ground for nonsuit, since the requirement of a bond is for the protection of the estate of the deceased partner, and the objection is not available to one who is merely a debtor of the partnership. This conclusion is consonant with G. S., 59-75, which provides that upon failure of the surviving partner to file bond, the Clerk of the Superior Court shall appoint a collector of the partnership upon application of any person interested in the estate of the deceased partner.

**3. Equity § 3—**

Laches is an equitable defense which is not ordinarily tenable in a court of law and on a legal demand, and in this action to recover the balance due on purchase price of potatoes the plea of laches *is held* unavailing.

PLAINTIFFS' appeal from *Bone, J.,* January Term, 1948, PASQUOTANK Superior Court.

The plaintiff, W. B. Coppersmith, and his brother, Elisha Coppersmith, Sr., during the year 1927 were engaged as partners in the business of farming, raising and selling irish potatoes. During the summer of 1927 a quantity of the potatoes so produced were sold and delivered to the defendant, it is alleged, the total purchase price amounting to $5,500,

18—228

upon which the defendant paid $2,000 in 1929, the balance remaining unpaid. During the intervening years before the commencement of this suit it is in evidence that Upton on several occasions promised to pay the balance due for the potatoes but never did so.

Meantime, in the year 1928, Elisha Coppersmith, Sr., died, leaving surviving him a widow, Mrs. Attie Coppersmith, and two children, Elisha Coppersmith and Mrs. Irma Hopkins, all coplaintiffs in this action.

The estate of Elisha Coppersmith, Sr., other than the interest he is alleged to have had in the item sued upon, has been fully administered and settlement made with his heirs and distributees.

Plaintiff joined with him the widow and children of Elisha Coppersmith, Sr., above named, brought this suit against Upton, a resident of Virginia, for the recovery of the balance due upon the purchase price of the potatoes and, in aid of the service and jurisdiction, attached lands of the defendant in Pasquotank County, where the suit was brought. Complaint was filed setting up above pertinent facts.

The defendant answered, admitting the purchase of a quantity of the potatoes from the plaintiff by L. J. Upton & Company, a corporation of which he was president, but denying that he was in business on his own account, or that he had, personally, bought any potatoes from plaintiff; and averring that the corporation had failed and gone out of business shortly after 1928, and that its records have been destroyed.

The defendant denied that plaintiff had made any claim upon him as alleged in his complaint and pleaded that the plaintiff is estopped by reason of his laches from now asserting the claim.

Upon the trial the plaintiffs' having offered evidence in support of their contentions, rested their case. The defendant did not demur to the evidence, but moved for judgment of nonsuit upon the ground that the cause of action of the plaintiffs, if any, was in the surviving partner, W. B. Coppersmith, and he had not qualified as such under the statute and had no right to maintain this suit, he had not given the above mentioned bond. The court, being of that opinion, sustained the motion of defendant upon that ground, over the objection and exception of the plaintiffs. Thereupon the court signed the judgment of nonsuit, to which the plaintiffs objected, and excepted, and appealed, assigning error.

*R. Clarence Dozier and John H. Hall for plaintiff, appellants.*
*W. A. Worth for defendant, appellee.*

SEAWELL, J. Succession to property by virtue of survivorship in joint tenancy was abolished by an early statute, now, with some amendment, G. S., 41-2. The statute, however, makes certain modifying provisions

relating to estates used in partnerships. The proviso vests in the surviving partner the estate held in joint tenancy for partnership purpose "in order to enable him to settle and adjust the partnership business, or pay off the debts which may have been contracted in pursuit of the joint business; but as soon as the same is effected, the survivor shall account with, and pay, and deliver to the heirs, executors, administrators and assigns respectively of such deceased partner all such part, share, and sums of money as he may be entitled to by virtue of the original agreement, if any, or according to his share or part in the joint concern, in the same manner as partnership stock is usually settled between joint merchants and the representatives of their deceased partners." See *Stroud v. Stroud,* 61 N. C., 525.

To be read in connection with this section respecting settlement of the partnership affairs by the surviving partner, is G. S., 59-74, found in the chapter on partnership, requiring that the surviving partner shall execute a bond with surety, conditioned upon the faithful performance of his duties in the settling of the partnership affairs.

The first question presented by the appellant is whether the giving of this bond is a condition precedent to the maintenance of an action by the surviving partner to recover debts due the partnership at the time of its dissolution by death of one of them. The affirmative view, we are aware, has been judicially adopted in several jurisdictions where, as here, survivorship, as an incident of joint tenancy, has been preserved with respect to partnership property and power given to the surviving partner to settle the affairs of the partnership, and a bond required of him in connection with that administration. Apparently the question has never been raised here. Typical expression of the view that the filing of the bond is a condition precedent to the maintenance of the action may be found in *Campbell v. Bohan,* 148 Kan., 205, 80 P. (2d), 1110; 121 A. L. R., 586, Anno. 869.

Conceding that the extraterritorial statutes may be comparable to our own, nevertheless a study of our own laws, read *in pari materia,* leads us to a contrary conclusion.

The purpose of the statute, G. S., 59-74, requiring a bond of the surviving partner, is, we think, limited to the protection of those who are interested in the property or estate administered by the surviving partner, who is required to account to them and pay over in case there is a surplus (of that interest) after paying the partnership debts. It is a trust relationship in which only they have a legal interest. Therefore, the objection that the surviving partner has not filed the bond is not available to the defendant, who is merely a debtor of the estate.

Moreover, it seems apparent that the giving of the bond cannot be regarded as a condition precedent to the maintenance of the action, for the reason that Section 59-75 provides an alternative remedy upon fail-

ure of the surviving partner to give bond. In that event "the Clerk of the Superior Court shall upon application of any person interested in the estate of the deceased partner, appoint a collector of the partnership who shall be governed by the same law governing an administrator of a deceased person." Not only have those who are "interested in the estate" taken no action in that direction, but they have expressed their acquiescence by joining the surviving partner in this suit. (It is to be noted that the defendant did not demur to the joinder of parties. It would have had no effect on the principle discussed.)

The second question presented is that of laches in the institution and maintenance of the suit. The doctrine of laches, or want of diligence in the assertion of a claim, is ordinarily regarded as an equitable defense, and it has been held that the plea is not tenable in a court of law and on a legal demand, "the court being governed by the statute of limitations"; 19 Am. Jur., p. 339, Sec. 49; *U. S. v. Mack,* 295 U. S., 480, 79 L. Ed., 1559. Whether that rule has been strictly followed by our own courts we need not inquire. In the present case, since the defendant is a non-resident, he cannot avail himself of any statute of limitations. However this may be, we see nothing in the instant case which would justify the Court in applying the doctrine.

The judgment of nonsuit is reversed and the cause is remanded to the Superior Court of Pasquotank County for action in accordance with this opinion.

Reversed and remanded.