In the Matter of the Estate of K. B. JOHNSON, Deceased.

(Filed 3 May, 1950.)

**1. Partnership § 10—**

The death of a partner ordinarily dissolves the partnership as of that date.   G.S. 59-61 (4).

**2. Partnership § 11—**

Upon the death of a partner, his interest in the partnership property vests in the surviving partner for administration in winding up the partnership, and the surviving partner stands as a trustee charged with the duty of faithful management and accounting to those entitled to the deceased partner's interest after the settlement of the debts of the partnership.

**3. Executors and Administrators § 5—**

Upon the death of a partner the administration of the partnership and the administration of the deceased partner's estate are separate and distinct, and only the deceased partner's interest in the surplus after the winding up of the partnership belongs to his estate or his distributees, as the case may be.

**4. Executors and Administrators § 3—**

The Clerk of the Superior Court has jurisdiction to entertain verified petition for the removal of an administrator.   G.S. 28-32.

**5. Same—**

Where, in proceedings for removal of an administrator, the administrator resigns, a vacancy occurs and the Clerk has authority to appoint a successor.

**6. Partnership § 12—**

The bond required by G.S. 59-74 of surviving partners is primarily for the protection of those interested in the deceased partner's interest in the surplus after the partnership has been wound up, and such bond had no retroactive effect and does not become liable for any maladministration prior to its filing.

**7. Same: Clerks of Court § 3: Courts § 4c—**

Upon the failure or refusal of surviving partners to file the bond required by G.S. 59-74 or the inventory required by G.S. 59-76, the Clerk of the Superior Court may not properly issue order requiring the filing of bond and inventory, but does have appropriate remedies within his jurisdiction, and upon appeal from such orders the Superior Court acquires jurisdiction of the entire proceeding, G.S. 1-276, and the appeal is erroneously dismissed in the Superior Court on the ground of want of jurisdiction.

**8. Same—**

While the Clerk of the Superior Court has no jurisdiction to appoint a receiver for a partnership under G.S. 59-77 when the surviving partners have failed or refused to file the inventory required by G.S. 59-76, the

Superior Court on appeal from an order of the Clerk in the proceeding, does acquire jurisdiction to appoint such receiver.

**9. Courts § 4c: Executors and Administrators § 3—**

The jurisdiction of the Superior Court on appeal from the order of the Clerk in removing an administrator and appointing a successor is solely derivative.

ADMINISTRATOR's appeal from *Hatch, Special Judge,* January 1950 Civil Term, WAKE Superior Court.

*S. J. Bennett for Administrator, appellant.*
*Robert A. Cotten and F. T. Dupree, Jr., for appellees.*

SEAWELL, J. The controversy with which this review is concerned is over the administration of the estate of K. B. Johnson, now pending before the Clerk of the Superior Court of Wake County, and the matter directly in controversy is the alleged interest of the said K. B. Johnson in the partnership property and assets of K. B. Johnson & Sons, an alleged partnership which the petition hereinafter referred to alleges to remain unadministered by the surviving partners of the said firm and to constitute assets unadministered by the preceding executor and administrator of the estate of the said K. B. Johnson, and still subsisting.

Since the crux of the controversy is directly over the powers and duties of the surviving partners as affecting the present obligation, and liabilities to the estate, the following observations are pertinent by way of clarification.

The death of a partner ordinarily dissolves the partnership as of that date. Article 2, (Uniform Partnership Law), sec. 59-61 (4) of the General Statutes. Expressed in the singular, to avoid awkward grammatical expression, the legal estate of the deceased partner in the partnership property vests in the surviving partner for administration in winding up the partnership and paying the partnership debts. Sugarman on Partnership, Sec. 236; *Sherrod v. Mayo,* 156 N.C. 144, 72 S.E. 216.

The surplus of the deceased partner's property interest in the partnership, after the debts are paid and the partnership is wound up, belongs to his individual estate and goes to his personal representative or distributees, as the case may be; and it is sometimes said that their interest therein is equitable; *In re Lichtblau,* 146 Misc. 278, 261 N.Y.S. 863 (1933).

The surviving partner stands to them in the relation of trustee charged with the duty of faithful management and accounting to those entitled to the surplus of the deceased partner's interest after settling the debts of the partnership and winding up its affairs. *Coppersmith v. Upton,*

228 N.C. 545, 46 S.E. 2d 565; *Walker v. Miller,* 139 N.C. 448, 52 S.E. 125.

At any rate the right of the surviving partner to administer the deceased partner's interest in the partnership is his by virtue of the survivorship and is separate and distinct from the ordinary administration of decedents' estates in the charge and jurisdiction of the Clerk of the Superior Court. Story on Partnership, sec. 344; *Weisel v. Cobb,* 114 N.C. 22, 18 S.E. 943; *Hodgin v. Peoples National Bank,* 124 N.C. 540, 32 S.E. 887. The latter administration has nothing to do with the former except as some statute may empower the Clerk to take action, and then only to the extent, and upon the conditions manifest in such statute. The legal consequences of these principles as they apply to the case at bar will be dealt with in the conclusion. But first let us get clearly before us the factual history of the proceeding under review in brief summary so that it may be followed step by step.

C. P. Dickson, a judgment creditor of the estate of K. B. Johnson, filed on August 31, 1949, a verified petition for the removal of T. Lacy Williams as administrator *c. t. a., d. b. n.,* of the estate of K. B. Johnson, deceased, and for the appointment of a successor, such petition alleging the existence of unadministered assets of the estate, consisting of the unadministered interest of K. B. Johnson & Sons. The Clerk on the same day issued an order to T. Lacy Williams to show cause why he should not be removed as administrator *c. t. a., d. b. n.,* for alleged "default in the due administration of the said estate." The order to show cause was duly served and returned on August 31, 1949. On September 13, 1949, C. P. Dickson filed an amended petition which contains no complaint of default in the administration by T. Lacy Williams.

On September 19, 1949, the Clerk issued an order "that the said T. Lacy Williams be, and he hereby is discharged by this court as administrator *c. t. a., d. b. n.,* of the estate of K. B. Johnson, deceased," and recited as the reason therefor "that the said T. Lacy Williams waived his right to further administer upon the estate of K. B. Johnson, deceased, and agreed that upon his final account heretofore filed he be discharged as administrator *c. t. a., d. b. n.,* on the estate of K. B. Johnson, deceased." On the same day the Clerk issued an order reopening the estate and appointing W. L. Totten, Sr., as administrator, *c. t. a., d. b. n.* And also on the same day, without Totten having been made a party and without his participation, the Clerk issued an order to the purported surviving partners of K. B. Johnson & Sons requiring them to file a bond conditioned on the faithful performance of their duties in the settlement of the partnership affairs pursuant to G.S. 59-74, and also to file with the Clerk a "full and complete inventory to date of all the assets of the partnership, including all real estate owned by said partnership, together

with a schedule of the debts and liabilities existing at the time of the death of K. B. Johnson, the deceased partner; and to furnish the personal representative a copy of said inventory and schedule of debts as required under the statute, G.S. 59-76."

Thereafter, on October 25, 1949, upon motion of H. W. Johnson for himself and the surviving partners, the time for filing the bond and inventory was extended by the Clerk to November 25, 1949. On December 1, 1949, no bond or inventory having been filed, the Clerk issued an order requiring the filing of the bond and inventory on or before December 7, 1949, "under penalty as prescribed by law."

The proceeding reached the court below on appeal by the administrator from the denial by the Clerk of a motion to dismiss the amended petition filed by C. P. Dickson, and to vacate the orders of September 19, 1949, and the supplemental order of December 1, 1949. The court below vacated and set aside the orders of September 19, 1949, and the supplemental order of December 1, 1949, and dismissed the proceeding on the ground that the Clerk of the Court was without jurisdiction.

That the Clerk of the Court had jurisdiction to entertain a complaint on affidavit, in this case the verified petition of Dickson, and to issue an order to the administrator *c. t. a., d. b. n.,* to show cause why he should not be removed, is clear. G.S. 28-32. That the proceeding was obviated by the resignation and discharge of the administrator Williams and that upon such resignation and discharge a vacancy occurred is also clear, and the Clerk very properly appointed a successor.

The order of September 19, 1949, requiring the surviving partners to give bond and file inventory and accounts, and the supplemental order of December 1, 1949, to the same effect commanding that the order theretofore made should be obeyed "under penalty as prescribed by law" were made without regard to the want of any sanction for their enforcement and in disregard of the remedial procedures provided in the statutes upon which the purported authority is based, G.S. 59-74, 59-75, 59-76, 59-77. Such orders also appear to have been executed by the Clerk *ex mero motu.*

G.S. 59-74 provides:

> "Upon the death of any member of a partnership, the surviving partner shall, within thirty days, execute before the clerk of the superior court of the county where the partnership business was conducted, a bond payable to the state of North Carolina, with sufficient surety conditioned upon the faithful performance of his duties in the settlement of the partnership affairs. The amount of such bond shall be fixed by the clerk of the court; and the settlement of the estate and the liability of the bond shall be the same as under the law governing administrators and their bonds."

The bond required by G.S. 59-74 is primarily for the protection of those interested in the surplus of the deceased partner's estate remaining after the affairs of the partnership have been wound up. *Coppersmith v. Upton*, 228 N.C. 545, 46 S.E. 2d 565. Such a bond filed now would have no retroactive effect or become liable for any maladministration theretofore occurring.

G.S. 59-75 provides:

> "Upon the failure of the surviving partner to execute the bond provided for in Sec. 59-74, the clerk of the superior court shall, upon application of any person interested in the estate of the deceased partner, appoint a collector of the partnership, who shall be governed by the same law governing an administrator of a deceased person."

But the remedial procedure provided herein has not been invoked.

G.S. 59-76 provides:

> "When a member of any partnership dies the surviving partner, within sixty days after the death of the deceased partner, together with the personal representative of the deceased partner, shall make out a full and complete inventory of the assets of the partnership including real estate, if there be any, together with a schedule of the debts and liabilities thereof, a copy of which inventory and schedule shall be retained by the surviving partner, and a copy thereof shall be furnished to the personal representative of the deceased partner."

G.S. 59-77 provides:

> "If the surviving partner neglect or refuse to have such inventory made, the personal representative of the deceased partner may have the same made in accordance with the provisions of G.S. 59-76. Should any surviving partner fail to take such an inventory or refuse to allow the personal representative of the deceased partner's estate to do so, such personal representative of the deceased partner's estate may forthwith apply to a court of competent jurisdiction for the appointment of a receiver for such partnership, who shall thereupon proceed to wind up the same and dispose of the assets thereof in accordance with law."

The somewhat uncertain reference to a "court of competent jurisdiction" relieves the Clerk from further duties in this particular phase of the proceeding, since the appointment of a receiver involves certain equities which are beyond the statutory jurisdiction of the Clerk.

In re Estate of Johnson.

We are not attempting to chart proceedings in the court below, but it seems to us that the order of September 19, 1949, appointing Totten administrator *c. t. a., d. b. n.,* was within the jurisdiction of the Clerk; and while the two orders following, one of September 19, 1949, and the other of December 1, 1949, requiring the filing of bond and inventory were improperly made, there are some remaining remedies for which the newly appointed administrator might apply, all such remedies not being necessarily limited to the sections of the statute discussed above; and the judgment of the court dismissing the proceedings cannot be sustained.

Attention is here called to the provisions of G.S. 1-276, which provides:

"Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

We think that the matter is now within the greater jurisdiction of the Superior Court as provided in this statute and such remedies as may be appropriate might be pursued in that court, if conditions warrant. However, since the Superior Court has only derivative jurisdiction as to the removal or appointment of an administrator *d. b. n.,* that matter could not be interfered with in that court. *In re Estate of Fred Styers,* 202 N.C. 715, 164 S.E. 123. As to other appropriate matters within the jurisdiction of the Superior Court, they may be so administered, or in the discretion of that court given by the statute, the whole controversy might be remanded by the Superior Court to the Clerk for such action as he is empowered to make.

As for this Court, the judgment dismissing the proceeding is reversed and the proceeding remanded to the court below for judgment in accordance with this opinion.

Reversed and remanded.