CATHERINE RAINES· PITTMAN; CALVIN T. PITTMAN AND WIFE, MARJORIE A. PITTMAN; ROBERT PITTMAN AND WIFE, DORIS B. PITTMAN; AND BERNICE PITTMAN PAINTER AND HUSBAND, ROBERT W. PAINTER v. NELLIE WOLFE COLE PITTMAN; WADE HALL. JR., ADMINISTRATOR OF THE ESTATE OF ARCHIE PITTMAN, DECEASED; J. GERALD COWAN, TRUSTEE; AND WACHOVIA BANK AND TRUST COMPANY.

(Filed 24 September, 1958.)

**1. Abatement and Revival § 3—**

The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction.

**2. Abatement and Revival § 8—**

Ordinarily, the test to determine whether an action should be abated on the ground of the pendency of a prior action is whether there is a substantial identity as to the parties, subject matter, issues involved, and relief demanded in both the actions.

**3. Same—**

The pendency of a proceeding before the clerk to remove an administratrix on the ground that the administratrix was not the true widow of the deceased is not ground for the abatement of a subsequent action involving title to land dependent upon whether the administratrix acquired title by survivorship in an estate by the entireties, since, even though one issue is common to both, the parties, the subject matter, and the relief demanded are not the same, and in one the facts are found by the clerk and in the other the facts must be found by a jury.

JOHNSON AND PARKER, J.J., took no part in the consideration or decision of this case.

APPEAL by defendant Nellie Wolfe Cole Pittman from *Clarkson, J.,* March, 1958 "A" Conflict Civil Term, BUNCOMBE Superior Court.

The plaintiffs brought this civil action to recover certain specifically described land and to remove a cloud upon the title thereto. They allege that Archie Pittman died intestate on September 29, 1955, seized

and possessed of the described lands, and that they thus became the owners as his widow and heirs at law. They further allege that the defendant Nellie Wolfe Cole Pittman is claiming an interest in certain real estate, "to-wit the title thereto in fee simple, based upon survivorship as between husband and wife in an estate by the entireties, whereas in truth and fact no such estate ever existed."

The defendants are Nellie Wolfe Cole Pittman, Wade Hall, Administrator of the Estate of Archie Pittman; J. Gerald Cowan, Trustee; and Wachovia Bank & Trust Company, beneficiary in a deed of trust on record against the lands involved. The defendant Nellie Wolfe Cole Pittman entered "special appearance and answer" in which she denied the material allegations of the complaint; and as a further defense and plea in abatement alleged that at the time this action was instituted there was an action pending "between the same parties, or to which the additional secondary parties joined herein could be joined, which involves the subject-matter to be determined herein, to-wit: As to whether Nellie Wolfe Pittman is the lawful widow of Archie Pittman, Deceased, and the sole owner of the land . . ."

At the trial the defendant, in support of her plea, introduced the record of a proceeding before the clerk showing a motion and affidavit filed by the plaintiff Catherine Raines Pittman, challenging the right of Nellie Wolfe Cole Pittman to qualify and act as administratrix of the estate of Archie Pittman, and asking that she be removed on the ground that she had falsely claimed to be his widow. After hearing, the clerk found facts and entered an order canceling the letters of administration and appointing the defendant Wade Hall as administrator. On appeal to the superior court the judge remanded the cause to the clerk for further findings. The removal proceeding is still before the clerk.

At the hearing on the plea in abatement in this case Judge Clarkson entered an order that the plea "be and the same is hereby overruled and denied." The defendant Nellie Wolfe Cole Pittman excepted and appealed.

*Sanford W. Brown for defendant, appellant.*
*W. Y. Wilkins and H. Kenneth Lee,*
*By: H. Kenneth Lee for plaintiffs, appellees.*

HIGGINS, J. "The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction." *McDowell v. Blythe Bros.,* 236 N.C. 396, 72 S.E. 2d 860. "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action

is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796.

The purpose of the proceeding before the clerk was to determine whether the administratrix should be removed. If it be determined there are parties, in the legal sense, to a removal proceeding, the children, heirs at law of the intestate, are not parties in any sense. The parties are not the same, the subject matter is not the same, the relief demanded is not the same. That one of the issues (even though a vital one) is common to both proceedings does not work an abatement of this action. In the removal proceeding the clerk finds the facts. Appeal from his findings must be heard "by the Presiding Judge . . . in his appellate capacity by review of the record . . ." *In Re Sams*, 236 N.C. 228, 72 S.E. 2d 421, (citing numerous cases); *In Re Estate of Johnson*, 232 N.C. 59, 59 S.E. 2d 223, and cases cited. In this case the jury finds the facts. The foregoing authorities fully sustain Judge Clarkson, and his order in the Superior Court is

Affirmed.

JOHNSON AND PARKER, JJ., took no part in the consideration or decision of this case.